**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| THERAPEUTICSMD, INC., <br><br> Plaintiff, <br><br> v. <br><br> EVOFEM BIOSCIENCES, INC., <br><br> Defendant. | CASE NO.   9:20-cv-82296 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff TherapeuticsMD, Inc. ("Plaintiff" or "TherapeuticsMD"), by and through its undersigned attorneys, brings this action against Defendant Evofem Biosciences, Inc. ("Defendant" or "Evofem") for: (i) trademark infringement under 15 U.S.C. § 1114 of the Lanham Act; (ii) trademark infringement, unfair competition and false designation of origin under 15 U.S.C. § 1125(a) the Lanham Act; (iii) deceptive and unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") § 501.204, Florida Statutes; and (iv) common law trademark infringement and passing off.  TherapeuticsMD also seeks a declaratory relief in the form of the cancellation of the U.S. trademark registration issued to Evofem.

## PARTIES

1.  Plaintiff TherapeuticsMD, Inc. is a corporation organized under the laws of Delaware with a principal place of business at 951 Yamato Road, Suite 220, Boca Raton, FL 33431.

2.  Upon information and belief, Defendant Evofem Biosciences, Inc. is a corporation organized under the laws of Delaware with a principal place of business at 12400 High Bluff Drive, Suite 600, San Diego, CA 92130 and authorized to do business in Florida.

## JURISDICTION AND VENUE

3.   TherapeuticsMD brings this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive trade practices of Evofem in connection with the commercial use and exploitation of trademarks, and the attempted trademark registration thereof, in violation of the Lanham Act.

4.   This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. §§ 1114, 1115 and 1125, and for deceptive and unfair trade practices and common law trademark infringement under the laws of the State of Florida.

5.   This Court has subject-matter jurisdiction over this action under 15 U.S.C. § 1121, as well as 28 U.S.C. §§ 1331, 1332, and 1338.  This Court has supplemental subject-matter jurisdiction over all state-law claims, including claims arising under Florida's trademark infringement and unfair competition laws, under 28 U.S.C. § 1367.

6.   This Court has personal jurisdiction over Evofem because it conducts business in Florida and this District by marketing, selling, distributing, and/or causing to be distributed infringing products, and committing acts of infringement and civil wrongs as alleged in this Complaint.  For example, Evofem's infringing products are available for purchase within this District at various pharmacies, including Publix Pharmacy, located at 4141 N. Federal Highway, Boca Raton, Florida 33431.  Attached as **Exhibit A** is a true and correct copy of a pharmacy receipt from a purchase made in this District (patient information redacted).  Attached as **Exhibit B** is a true and correct copy of a prescribed Evofem infringing product bearing a prescription label from the Publix Pharmacy in this District (patient information redacted).

7.   Venue is proper in this District under 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and Evofem is an entity subject to

personal jurisdiction in this District.  Evofem has caused to be distributed, is offering to distribute infringing goods, and is distributing infringing goods within the State of Florida and in this District.

## FACTUAL BACKGROUND

### A.  TherapeuticsMD and its IMVEXXY® Prescription Drug Product

8.   TherapeuticsMD is a women's healthcare company committed to creating and commercializing innovative products to support women from pregnancy prevention through menopause.  TherapeuticsMD has engaged in the promotion, advertising, distribution, and sale of a wide variety of products, utilizing one or more of its trademarks as a designation of the source of its goods.

9.   As a result of its research and development in the field of women's healthcare products, TherapeuticsMD obtained marketing approval for several products from the U.S. Food and Drug Administration ("FDA"), including IMVEXXY®, which was approved by the FDA in May 2018 for the treatment of moderate-to-severe dyspareunia (vaginal pain associated with sexual activity), a symptom of vulvar and vaginal atrophy, due to menopause.

10. Since at least as early as July 23, 2018, TherapeuticsMD began marketing and selling pharmaceutical preparations bearing the IMVEXXY trademark in United States commerce.  A sample image of the IMVEXXY product packaging appears below:



11. Among other things, the prescribing information (**Exhibit C**) for TherapeuticsMD's IMVEXXY product instructs patients how to use the product, including, for example:

- "IMVEXXY® is a vaginal insert that you place in your vagina."

- "IMVEXXY® is only for use in the vagina. **Do not** take IMVEXXY by mouth (orally)."

- "Hold the IMVEXXY® insert with the larger end between your fingers."

- "Select the best position for vaginal insertion that is most comfortable for you to put in the IMVEXXY insert. *See* Figure C for suggested insertion in the lying down position or Figure D for suggested insertion in the standing position. With the smaller end up, put the insert about two inches into your vagina using your finger."




**B. TherapeuticsMD's Trademark Rights in Its IMVEXXY® Mark**

12. TherapeuticsMD is the owner of all right, title, and interest in and to the word mark IMVEXXY, U.S. Trademark Reg. No. 5,602,058, filed on February 7, 2017 and registered on November 6, 2018 (the "IMVEXXY mark"). *See* Certificate of Registration for IMVEXXY, **Exhibit D**.

13. TherapeuticsMD's trademark registration for the IMVEXXY mark is valid and subsisting. Moreover, under 15 U.S.C. § 1057(b), TherapeuticsMD's certificate of registration for the IMVEXXY mark constitutes *prima facie* evidence of (i) the validity of the IMVEXXY mark and of the registration of the mark, (ii) TherapeuticsMD's ownership of the mark, and (iii) TherapeuticsMD's exclusive right to use the registered mark in commerce on or in connection with the goods specified in the registration. Under 15 U.S.C. § 1057(c), TherapeuticsMD's trademark registration for the IMVEXXY mark also (i) constitutes constructive use of the mark nationwide as of its February 7, 2017 filing date on or in connection with the goods specified in

the registration, and (ii) confers a right of priority, nationwide, against subsequent user's or applicants of the IMVEXXY mark, or marks confusingly similar thereto.

14. TherapeuticsMD also has a dedicated official website for its IMVEXXY product, www.imvexxy.com, which it has owned and operated since at least December 8, 2016. *See* **Exhibit E**.

15. Among other things, the IMVEXXY mark evokes a connotation of "sexy" in the context of women's sexual and reproductive health.

16. TherapeuticsMD has expended substantial amounts of money, time, and effort advertising and promoting its IMVEXXY mark.  The pharmaceutical industry, as well as prescribing physicians and consumers, associate TherapeuticsMD's trademark with the company and understand that women's pharmaceutical products bearing the IMVEXXY mark originate from TherapeuticsMD.  TherapeuticsMD has also developed valuable goodwill with respect to its IMVEXXY mark through its continuous use in commerce.

**C.  Evofem and its PHEXXI Prescription Drug Product**

17. According to Evofem's Q2 2020 Form 10-Q public filing, it is a "commercial-stage biopharmaceutical company committed to developing and commercializing innovative products to address unmet needs in women's sexual and reproductive health, including hormone-free, woman-controlled contraception and protection from certain sexually transmitted infections (STIs)."

18. As described below, Evofem began using and filed trademark applications for the mark PHEXXI after TherapeuticsMD used and registered its IMVEXXY mark.

19. Among other things, the PHEXXI mark contains the suffix "EXXI," and is pronounced with an "F" sound—for example, "pHantastic" (fantastic), "pHinally" (finally), and "pHabulous"

(fabulous)—according to Evofem's promotional materials included in its website.  A screen capture of the PHEXXI website (www.phexxi.com) is attached as **Exhibit G** and a patient brochure downloadable from the PHEXXI website is attached as **Exhibit J**.

20. These similarities in appearance and sound not only present the risk that consumers will request the wrong drug and/or doctors will prescribe the wrong drug, but also the likelihood that pharmacists may dispense the wrong drug.

21. Moreover, Evofem prominently emphasizes that the brand evokes connotations of sexy. Its CEO stated that "[PHEXXI] also rhymes with the sexy . . . "—the same connotation as IMVEXXY—in an episode of a podcast related to health and fitness, entitled "The Future Of Birth Control, Sex, & Hormones With Evofem Biosciences CEO, Saundra Pelletier." The podcast is available   at   https://podcasts.apple.com/us/podcast/future-birth-control-sex-hormones-evofem-biosciences/id1093028505?i=1000490442846 (7:02-7:19).  EvoFem's intentional connection to a "sexy" connotation is also evident from its website, as shown in Exhibit G ("Phexxi™ (pronounced FEX-ee, like sexy!)").

22. Thus, there is a likelihood of confusion because the PHEXXI mark is confusingly similar in appearance, sound, and overall connotation to the distinctive IMVEXXY mark when used in connection with pharmaceutical drugs for women's sexual and reproductive health.

23. As a result, Evofem is attempting to usurp and misappropriate TherapeuticsMD's reputation and goodwill in the IMVEXXY mark for Evofem's own pecuniary gain.  And in the process, Evofem infringes TherapeuticsMD's IMVEXXY mark.

24. On information and belief, on or about September 8, 2020, Evofem began selling its product bearing a PHEXXI mark.

25. The PHEXXI product is a vaginal gel indicated for the prevention of pregnancy in females. A sample image of its product packaging appears below:



26. Among other things, the prescribing information (**Exhibit F**) for PHEXXI instructs patients how to use the product, including, for example:

- "Step 5: Insert the PHEXXI Pre-filled Applicator into the Vagina";

- "Gently insert the pre-filled applicator into the vagina as far as it will comfortably go while you continue to hold it by the grooved area firmly. This can be done sitting with your knees apart, lying on your back with your knees bent (*see* Figure F), or while standing with your feet apart or knees bent"; and



**Figure F**

- "While the pre-filled applicator is inserted in your vagina, use your index finger to push the plunger rod down until it stops."

27. Like the IMVEXXY prescribing information, the PHEXXI prescribing information, also states that it is "For Vaginal Use Only." *Compare* ¶ 25 to ¶ 10, *supra.*

28. Evofem also has a dedicated website for its PHEXXI product, www.phexxi.com, a domain name that Evofem registered on August 23, 2019.  *See* Exhibits G and H.

29. On August 28, 2019, Evofem filed trademark application No. 88/596,085 ("the '085 Application") with the United States Patent and Trademark Office ("USPTO") to register the mark "PHEXXI" in connection with "Personal lubricant; personal sexual lubricants; pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for spermatozoa; pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens; pharmaceutical acid-buffering gel with bio adhesive properties designed to maintain an optimal environment."  The USPTO issued a "Notice of Allowance" to Evofem on February 18, 2020 and the mark subsequently registered as U.S. Registration No. 6,201,656 (the '656 Registration) on November 17, 2020.  *See* **Exhibit I**.

30. On May 11, 2020, Evofem filed trademark application 88/910,069 ("the '069 Application") with the USPTO to register a stylized design of the PHEXXI mark in connection with "Personal

lubricant; personal sexual lubricants; pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for spermatozoa; pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens; pharmaceutical acid-buffering gel with bio adhesive properties designed to maintain an optimal environment."

31. On May 21, 2020, Evofem filed trademark application 88/927,879 ("the '879 Application") with the USPTO to register another stylized design of the PHEXXI mark in connection with "Personal lubricant; personal sexual lubricants; pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for spermatozoa; pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens; pharmaceutical acid-buffering gel with bio adhesive properties designed to maintain an optimal environment."

32. The previously alleged trademark applications filed by Evofem are collectively referred to as "the Evofem Applications."

33. Evofem also filed, without TherapeuticsMD's authorization, foreign counterparts for the alleged PHEXXI mark in numerous jurisdictions.

34. On or about May 28, 2020, TherapeuticsMD contacted Evofem to discuss TherapeuticsMD's concerns regarding the likelihood of confusion between the IMVEXXY mark and the PHEXXI marks in connection with pharmaceutical drugs for women's sexual and reproductive health.  Evofem chose not to withdraw its proposed trademark applications and subsequently commercially launched its product under the PHEXXI mark.

35. Despite being put on notice of the likelihood of confusion, on September 8, 2020, Evofem filed a Statement of Use in connection with the '085 Application, wherein it, among other things,

alleged a date of first use of the PHEXXI mark in commerce on September 8, 2020.  The '085 application subsequently matured into the '656 Registration.  At no time during the prosecution of the '085 Application, or any of the other Evofem Applications, did Evofem inform the USPTO of TherapeuticsMD's IMVEXXY registration.

36. Evofem's '069 Application and '879 Application were published for opposition on September 15, 2020.

37. On October 14, 2020, TherapeuticsMD timely filed a 30-day request for extension of time to oppose the '069 Application and the '879 Application, respectively, at the Trademark Trial and Appeal Board ("TTAB").  On November 13, 2020 TherapeuticsMD timely filed a 60-day request for extension of time to oppose the '069 Application and the '879 Application.  Both requests were granted by the TTAB.

38. There is a strong likelihood of consumer confusion stemming from Evofem's unauthorized and willful infringement of TherapeuticsMD's IMVEXXY mark.

39. The alleged PHEXXI mark used, sought to be registered, and registered by Evofem, is substantially similar in appearance, sound, commercial impression and meaning to the IMVEXXY mark, and/or is confusingly similar to the IMVEXXY mark, such that the use and registration thereof is likely to cause confusion, mistake and/or deception as to the source of origin, sponsorship, and/or association of Evofem's goods and services, and will injure and damage TherapeuticsMD and the goodwill and reputation symbolized by the IMVEXXY mark.

40. The goods bearing the alleged PHEXXI mark, and as set forth in Evofem's trademark applications, are closely related to the goods in connection with which TherapeuticsMD uses its IMVEXXY mark, such that the consuming public is likely to be confused, to be deceived, and to assume erroneously (i) that Evofem's goods are those of TherapeuticsMD, (ii) that Evofem has

been licensed to use the IMVEXXY mark by TherapeuticsMD, and/or (iii) that Evofem is in some way connected with, sponsored by, or affiliated with TherapeuticsMD.

41. Such goods would reasonably be expected by the industry and the purchasing public to emanate from or be sponsored by the same source.

42. On information and belief, Evofem's goods bearing the alleged PHEXXI mark are and/or may be sold through the same and/or similar channels of trade, prescribed by the same physicians, nurse practitioners and other prescribers, dispensed from the same pharmacies, and/or prescribed to the same class of patients, in and to which TherapeuticsMD's prescription drug product is marketed and/or sold in connection with the IMVEXXY mark.

43. On information and belief, Evofem's goods bearing the alleged PHEXXI mark are and/or may be prescribed by the same health care professionals, general OB/GYN physicians, and/or nurse practitioners, as the goods bearing TherapeuticsMD's IMVEXXY mark.

44.  At no time has Evofem requested or received TherapeuticsMD's permission to use and/or register the alleged PHEXXI mark.

45. Evofem knew or should have known of TherapeuticsMD's prior trademark rights.

46. Nevertheless, Evofem infringed TherapeuticsMD's trademark rights despite its awareness of TherapeuticsMD's superior trademark rights by adopting for use, using, and registering a confusingly similar mark.

47. TherapeuticsMD is being irreparably harmed by Evofem's registration and infringing activity.

## COUNT I

### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

48. TherapeuticsMD realleges the allegations in paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49. TherapeuticsMD owns U.S. Registration No. 5,602,058 for the IMVEXXY mark.

50. Evofem has engaged in, and continues to engage in, the wrongful exploitation of the PHEXXI marks in a manner that is confusingly similar to TherapeuticsMD's registered IMVEXXY mark.

51. Evofem adopted, used, sought to register, and registered the PHEXXI mark, which is substantially similar in appearance, sound, commercial impression and meaning to the IMVEXXY mark, and/or is confusingly similar to the IMVEXXY mark, such that the use and registration thereof is likely to cause confusion, mistake and/or deception as to the source of origin, sponsorship, and/or association of Evofem's goods and services, and will injure and damage TherapeuticsMD and the goodwill and reputation symbolized by IMVEXXY mark.

52. Evofem is not affiliated with, connected with, endorsed by, or sponsored by TherapeuticsMD, nor has TherapeuticsMD approved or authorized any of the goods offered or sold by Evofem.

53. None of Evofem's activities complained of in this Complaint has been authorized by TherapeuticsMD, and such unauthorized use, which substantially affects interstate commerce in this District, and elsewhere throughout the United States, constitutes trademark infringement under 15 U.S.C. § 1114.

54. Upon information and belief, such use of the alleged PHEXXI mark is knowing and willful, and with the intent to cause confusion, deceive consumers, and trade off the goodwill established by TherapeuticsMD in its IMVEXXY mark, all for Evofem's own pecuniary gain.

55. Unless the Court permanently enjoins Evofem's conduct alleged in this complaint, TherapeuticsMD's business, goodwill, and reputation will suffer irreparable harm for which there is no adequate remedy at law.  Therefore, TherapeuticsMD is entitled to injunctive relief.

56. There is a significant public interest in granting injunctive relief to avoid, among other things, the possibility of medical errors that may result from prescribing or dispensing a PHEXXI product when a patient needs an IMVEXXY product.  Such erroneous prescription or dispensing can result in a patient intending to prevent pregnancy using a drug to relieve pain during intercourse or a patient intended to relieve pain during intercourse using a contraceptive and attributing the lack of effectiveness to the IMVEXXY product, causing irreparable harm to TherapeuticsMD.

57. In addition to being entitled to injunctive relief, by reason of the foregoing, TherapeuticsMD is entitled to recover any damages proven, after trial, to have been caused by reason of Evofem's aforesaid acts of trademark infringement, together with all other remedies available under the Lanham Act, including, but not limited to disgorgement of Evofem's profits and the costs of this action.

58. Evofem's above-mentioned acts and conduct were, and are, being done in an intentional, willful, malicious, and oppressive manner in conscious disregard of TherapeuticsMD's rights making this an exceptional case under 15 U.S.C. § 1117(a).  TherapeuticsMD is therefore entitled to an award of treble damages and/or a trebling of Evofem's profits, as well as reimbursement of its attorney's fees.

## COUNT II

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))**

59. TherapeuticsMD realleges the allegations in paragraphs 1 through 47 of the Complaint as though fully set forth herein.

60. Evofem's unauthorized use in commerce of words, terms, names, symbols, or devices, or any combination thereof, consisting of or including the confusingly similar designation PHEXXI and/or derivatives thereof, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Evofem with TherapeuticsMD.

61. Evofem's unauthorized use of the PHEXXI mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Evofem with TherapeuticsMD, or as to the origin, sponsorship, or approval of Evofem's goods or commercial activities by TherapeuticsMD.

62. Evofem is not affiliated with, connected with, endorsed by, or sponsored by TherapeuticsMD, nor has TherapeuticsMD approved or authorized any of the goods offered or sold by Evofem.

63. TherapeuticsMD has no control over the nature and quality of the goods and services offered and sold by Evofem.  Any failure, neglect, or default by Evofem in providing such products will reflect adversely on TherapeuticsMD as being the believed source of such failure, neglect, or default, thereby hampering TherapeuticsMD's efforts to continue to protect its reputation and preventing TherapeuticsMD from further building its reputation. Such failure, neglect, or default will result in loss of revenue by TherapeuticsMD, and loss of value of TherapeuticsMD's considerable expenditures to promote its goods and services under the IMVEXXY mark, all of which have caused, and will continue to cause irreparable harm to TherapeuticsMD.

64. None of Evofem's activities complained of in this complaint has been authorized by TherapeuticsMD, and such unauthorized use, which substantially affects interstate commerce in this District, and elsewhere throughout the United States, constitutes a violation 15 U.S.C. § 1125(a).

65. Unless the Court permanently enjoins Evofem's conduct alleged in this complaint, TherapeuticsMD's business, goodwill, and reputation will suffer irreparable harm for which there is no adequate remedy at law.  Therefore, TherapeuticsMD is entitled to injunctive relief.

66. In addition to being entitled to injunctive relief, by reason of the foregoing, TherapeuticsMD is entitled to recover any damages proven, after trial, to have been caused by reason of Evofem's aforesaid acts of trademark infringement, together with all other remedies available under the Lanham Act, including, but not limited to disgorgement of Evofem's profits and the costs of this action.

67. Evofem's above-mentioned acts and conduct were, and are, being done in an intentional, willful, malicious, and oppressive manner in conscious disregard of TherapeuticsMD's rights making this an exceptional case under 15 U.S.C. § 1117(a).  TherapeuticsMD is therefore entitled to an award of treble damages and/or a trebling of Evofem's profits, as well as reimbursement of its attorney's fees.

## COUNT III

**(Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), § 501.201 *et seq.*, Fla. Stat.)**

68. TherapeuticsMD realleges the allegations in paragraphs 1 through 47 of the Complaint as though fully set forth herein.

69. Evofem was, at all times material to the allegations herein, engaged in "trade or commerce." § 501.203, Fla. Stat. (2020).

70. By its infringing conduct, Evofem has engaged in unfair competition, and/or unfair or deceptive acts or practices, under the Florida Deceptive and Unfair Trade Practices Act § 501.201 *et seq*, Florida Statutes.

71. Evofem's engagement in (i) infringing TherapeuticsMD's IMVEXXY mark, (ii) intentionally adopting and extensively using PHEXXI in commerce in connection with pharmaceutical preparations for women's sexual and reproductive health, and (iii) otherwise committing the acts set forth in this Complaint, is likely to lead to consumer confusion.

72. Specifically, Evofem has adopted for use and registration a mark that is confusingly similar to TherapeuticsMD's IMVEXXY mark for use in connection with similar and/or related goods and services.

73. Evofem's use of the PHEXXI mark in this manner is a deliberate attempt, by Evofem, (i) to usurp and misappropriate TherapeuticsMD's reputation and goodwill in the IMVEXXY mark; and (ii) to mislead consumers away from TherapeuticsMD's IMVEXXY products to Evofem's PHEXXI products, all for Evofem's own pecuniary gain.

74. Evofem has caused TherapeuticsMD to be aggrieved by such deceptive acts or practices, for which there is no adequate remedy at law, and TherapeuticsMD will continue to be damaged by Evofem's actions unless this Court enjoins Evofem from such unfair business practices.

75. The above-mentioned acts were done in an intentional, willful, malicious, and oppressive manner in conscious disregard of TherapeuticsMD's rights.  Accordingly, TherapeuticsMD is entitled to recover profits, damages, and attorney's fees under the Florida Deceptive and Unfair Practices Act §§ 501.201-213, Florida Statutes.

## COUNT IV

### (Common Law Trademark Infringement and Passing Off)

76. TherapeuticsMD realleges the allegations in paragraphs 1 through 47 of the Complaint as though fully set forth herein.

77. TherapeuticsMD first adopted and used the IMVEXXY mark in connection with pharmaceutical preparations for women's sexual and reproductive health, as a means of establishing goodwill and reputation and to describe, identify, or denominate particular prescription drugs sold by it and to distinguish them from similar goods marketed by others.

78. Through its association with such prescription drugs, the IMVEXXY mark has acquired a special significance as the name of the goods marketed by TherapeuticsMD for women's sexual and reproductive health because TherapeuticsMD's IMVEXXY mark is inherently distinctive.

79. Evofem has commenced the use of a confusingly similar PHEXXI mark to indicate or identify similar goods (for women's sexual and reproductive health) that are marketed by it in competition with TherapeuticsMD in the same industry in which TherapeuticsMD has already established its IMVEXXY mark.

80. As a consequence of Evofem's action, consumer confusion of source or as to the sponsorship of the prescription drugs offered, or to be offered, by Evofem is likely or inevitable.

81. Evofem's conduct, as described above, constitutes common law trademark infringement and passing off in violation of the common law of the State of Florida.

82. TherapeuticsMD does not have an adequate remedy at law and will continue to be damaged by Evofem's actions unless this Court enjoins Evofem from such conduct.

## COUNT V

**(Cancellation of Trademark Registration No. 6,201,656 Under 15 U.S.C. § 1119)**

83. TherapeuticsMD realleges the allegations in paragraphs 1 through 47 of the Complaint as though fully set forth herein.

84. TherapeuticsMD's use of the IMVEXXY mark predates Evofem's '656 Registration in connection with the infringing PHEXXI mark used in connection with "Personal lubricant; personal sexual lubricants; pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for spermatozoa; pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens; pharmaceutical acid-buffering gel with bio adhesive properties designed to maintain an optimal environment."

85. By virtue of such earlier use, TherapeuticsMD's rights in the IMVEXXY Mark has priority over the mark in the '656 Registration.

86. Thus, the '656 Registration for the alleged PHEXXI mark should be cancelled.

87. Further, Evofem's registration and use of the infringing PHEXXI mark is likely to cause confusion, mistake, or to deceive as to an affiliation, connection, or association between Evofem and/or Evofem's goods, on the one hand, and TherapeuticsMD and the IMVEXXY mark in connection with similar and/or related goods, on the other hand, or as to the origin, sponsorship, or approval of Evofem's goods by TherapeuticsMD.

88.  Because the alleged PHEXXI mark is confusingly similar to the IMVEXXY mark, and in light of the relatedness of the goods at issue, Evofem's alleged mark falsely suggests a connection with TherapeuticsMD and/or may mislead consumers of Evofem's and/or TherapeuticsMD's goods, and/or the public in general, into believing that Evofem's goods are sold by, emanate from, and/or in some way, directly or indirectly, are associated with TherapeuticsMD, and/or the

IMVEXXY mark, goods, and/or business, or vice versa, to the damage and detriment of TherapeuticsMD.

89. Evofem's alleged PHEXXI mark also "so resembles a mark registered in the Patent and Trademark Office, or a mark . . . previously used in the United States and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive." 15 U.S.C § 1052(d).

90. TherapeuticsMD is being and will continue to be damaged by the registration of the infringing PHEXXI mark unless this Court declares that the Registration No. 6,201,656 was improperly issued by the USPTO and acts to cancel Registration No. 6,201,656 in accordance with 15 U.S.C. § 1119.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TherapeuticsMD respectfully prays for judgment as follows:

A. That the Court adjudge and decree that Evofem has, without the consent of TherapeuticsMD, used in commerce a colorable imitation of the IMVEXXY mark in connection with the sale, offering for sale, distribution, and advertising of goods in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

B.  That the Court adjudge and decree that Evofem has falsely designated the origin of certain goods and services as those of TherapeuticsMD, has made and used false representations in connection with the sale, offering for sale, promotion and advertising of such goods and services, and has unfairly competed with TherapeuticsMD at common law.

C.  That the Court, under 15 U.S.C. § 1116(a) and Florida law, permanently enjoin Evofem, its agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

a.       Using, registering, or applying to register PHEXXI, or any other word or words which are identical and/or confusingly similar to TherapeuticsMD's IMVEXXY mark, either alone, as part of, or together with, any other word or words, trademark, service mark, trade name, domain name or other business or commercial designation in connection with the sale, offering for sale, advertising, promotion and/or distribution of pharmaceutical preparations for women's sexual and reproductive health;

b.       Selling, offering to sell, marketing, distributing, advertising and/or promoting any pharmaceutical drug for women's sexual and reproductive health with the word PHEXXI displayed on such product, packaging, advertising or promotional materials;

c.       Otherwise infringing the IMVEXXY mark;

d.       Engaging in actions that constitute unfair competition and/or false designation of origin; and

e.       Engaging in deceptive or unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, F.S.A. 501.201 *et seq.*

D.  That the Court issue an order, under 15 U.S.C. § 1116(a) and Florida law, ordering Evofem to abandon the Evofem Applications and all foreign counterparts.

E.  That the Court issue an order, under 15 U.S.C. § 1119, ordering the cancellation of Evofem's U.S. Registration No. 6,201,656, and certifying such order to the Director of the USPTO make appropriate entry upon the Office records and effect such cancellation.

F.  That the Court issue an order, under 15 U.S.C. § 1118, ordering Evofem to deliver up for destruction all labels, signs, prints, packages, promotions, wrappers, receptacles, advertisements, and all other materials in its possession or under its control bearing the infringing PHEXXI mark.

G.  That the Court issue an order requiring Evofem to account for all gains, profits, and advantages derived from its acts of trademark infringement.

H.  That the Court award TherapeuticsMD: (i) all of Evofem's profits, gains, and advantages derived from the unauthorized use of the IMVEXXY mark or any confusingly similar mark, and that such sums be trebled; (ii) all damages sustained by TherapeuticsMD by reason of Evofem's acts of trademark infringement and unfair competition, including amounts necessary for prospective corrective advertising, and that such damages be trebled; (iii) exemplary and punitive damages as the court finds appropriate to deter any future willful conduct; and (iv) interest, including prejudgment interest, on the foregoing sums.

I.  That the Court issue an order declaring this case exceptional under 15 U.S.C. § 1117(a).

J.  That the Court award all costs and reasonable attorney fees.

K.  That the Court award such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), TherapeuticsMD demands a jury trial on all issues triable by a jury.

Dated: December 14, 2020

Respectfully submitted,

SHUTTS & BOWEN LLP
525 Okeechobee Boulevard
Suite 1100
West Palm Beach, FL 33401
Telephone:      561-835-8500
Facsimile:      561-650-8530

By: /s/ *Joseph W. Bain*
    Joseph W. Bain, Florida Bar No. 860360
    JBain@shutts.com
    Patricia A. Leonard, Florida Bar No. 65455
    pleonard@shutts.com
    Jodi-Ann Tillman, Florida Bar No. 1022214
    JTillman@shutts.com

and

HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.

Ehab Samuel (CA SBN 228296)
esamuel@hdmnlaw.com
*(Pro Hac Vice to be filed)*
David A. Randall (CA SBN 156722)
dave@hdmnlaw.com
*(Pro Hac Vice to be filed)*
Sepehr Daghighian (CA SBN 239349)
sd@hdmnlaw.com
*(Pro Hac Vice to be filed)*
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.:  (310) 887-1333
Fax:  (310) 887-1334

*Attorneys for Plaintiff*
THERAPEUTICSMD, INC.