UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| THERAPEUTICSMD, INC., <br><br> Plaintiff, <br><br> v. <br><br> EVOFEM BIOSCIENCES, INC., <br><br> Defendant. | CASE NO. 9:20-cv-82296 <br><br> **FIRST AMENDED ANSWER & COUNTERCLAIM** <br><br> **JURY TRIAL DEMANDED** |

Defendant Evofem Biosciences, Inc. ("Evofem") hereby answers Plaintiff TherapeuticsMD, Inc.'s Complaint as follows:

## PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Admits the allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 contains no factual allegations against Evofem, but to the extent a response is required, Evofem denies that it engaged in any prohibited conduct and denies that Plaintiff is entitled to any relief.

4. Paragraph 4 contains no factual allegations against Evofem, but to the extent a response is required, Evofem denies that it engaged in any prohibited conduct and denies that Plaintiff is entitled to any relief.

1

5. Paragraph 5 contains no factual allegations against Evofem, but to the extent a response is required, Evofem denies that it engaged in any prohibited conduct and denies that Plaintiff is entitled to any relief.

6. Denies the allegations of Paragraph 6.

7. Denies the allegations of Paragraph 7.

## FACTUAL BACKGROUND

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 sets forth legal conclusions to which no response is required. To the extent a response is required, Evofem denies the allegations of Paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Admits the allegations of Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Admits the allegations of Paragraph 19 of the Complaint and refers the Court to Exhibits G and J for their content.

20. Denies the allegations of Paragraph 20 of the Complaint.

21. Admits the quoted content but otherwise denies the characterization thereof and the remainder of the allegations of Paragraph 21 of the Complaint.

22. Denies the allegations of Paragraph 22 of the Complaint.

23. Denies the allegations of Paragraph 23 of the Complaint.

24. Admits that Evofem began using its mark on its products on or before September 8, 2020.

25. Admits the allegations of Paragraph 25 of the Complaint.

26. Admits the quoted content and refers the Court to Exhibit F.

27. Admits the content quoted in Paragraph 27 of the Complaint, but denies the characterization thereof and all other allegations in this Paragraph.

28. Admits the allegations of Paragraph 28 of the Complaint and refers the Court to Exhibits G and H for their content.

29. Admits the allegations of Paragraph 29 of the Complaint and that Exhibit I is a copy of Evofem's United States trademark Registration No. 6,201,656 for the word mark PHEXXI.

30. Admits the allegations of Paragraph 30 of the Complaint.

31. Admits the allegations of Paragraph 31 of the Complaint.

32. Paragraph 32 contains no factual allegations against Evofem, but to the extent that a response is required, Evofem denies the allegations of Paragraph 32 of the Complaint.

33. Admits that Evofem filed foreign counterparts for the PHEXXI mark in numerous jurisdictions and denies that it needed TherapeuticsMD's authorization to do so and denies any other allegations in Paragraph 33.

34. Admits that on or about May 28, 2020, counsel for TherapeuticsMD contacted counsel for Evofem, that Evofem denied the claims of infringement, and that counsel conveyed that no action would be taken at that time and that if TherapeuticsMD determined the need to take action later, counsel would notify Evofem of that prior to taking any action. Evofem otherwise denies the allegations of Paragraph 34 of the Complaint and notes that counsel never contacted Evofem again prior to bringing this action.

35. Denies the allegations of Paragraph 35 of the Complaint, except admits that Evofem filed a Statement of Use in connection with the '085 Application on or about September 8, 2020, which claimed a date of first use of the PHEXXI mark in commerce on or before September 8, 2020.

36. Admits the allegations of Paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38. Denies the allegations of Paragraph 38 of the Complaint.

39. Denies the allegations of Paragraph 39 of the Complaint.

40. Denies the allegations of Paragraph 40 of the Complaint.

41. Denies the allegations of Paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations of Paragraph 44 of the Complaint and denies that Evofem ever needed TherapeuticsMD's permission to use and/or register the PHEXXI mark.

45. Denies the allegations of Paragraph 45 of the Complaint and denies that TherapeuticsMD's purported trademark rights have any bearing on Evofem's rights.

46. Denies the allegations of Paragraph 46 of the Complaint.

47. Denies the allegations of Paragraph 47 of the Complaint.

## COUNT I

**(Federal Trademark Infringement Under 15 U.S.C. § 1114)**

48. Evofem repeats and realleges its prior answers as if alleged fully herein.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50. Denies the allegations of Paragraph 50 of the Complaint.

51. Denies the allegations of Paragraph 51 of the Complaint.

52. Denies the allegations of Paragraph 52 of the Complaint.

53. Denies the allegations of Paragraph 53 of the Complaint and denies that Evofem needs TherapeuticsMD's authorization.

54. Denies the allegations of Paragraph 54 of the Complaint.

55. Denies the allegations of Paragraph 55 of the Complaint.

56. Denies the allegations of Paragraph 56 of the Complaint.

57. Denies the allegations of Paragraph 57 of the Complaint.

58. Denies the allegations of Paragraph 58 of the Complaint.

## COUNT II

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))**

59. Evofem repeats and realleges its prior answers as if alleged fully herein.

60. Denies the allegations of Paragraph 60 of the Complaint.

61. Denies the allegations of Paragraph 61 of the Complaint.

62. Denies the allegations of Paragraph 62 of the Complaint.

63. Denies the allegations of Paragraph 63 of the Complaint.

64. Denies the allegations of Paragraph 64 of the Complaint and denies that Evofem needs TherapeuticsMD's authorization.

65. Denies the allegations of Paragraph 65 of the Complaint.

66. Denies the allegations of Paragraph 66 of the Complaint.

67. Denies the allegations of Paragraph 67 of the Complaint.

## COUNT III

**(Florida Deceptive and Unfair Practices Act ("FDUTPA") § 501.201 *et seq.*, Fla. Stat.)**

68. Evofem repeats and realleges its prior answers as if alleged fully herein.

69. Paragraph 69 contains legal assertions to which no response is required. To the extent that a response is required, Evofem denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70. Denies the allegations of Paragraph 70 of the Complaint.

71. Denies the allegations of Paragraph 71 of the Complaint.

72. Denies the allegations of Paragraph 72 of the Complaint.

73. Denies the allegations of Paragraph 73 of the Complaint.

74. Denies the allegations of Paragraph 74 of the Complaint.

75. Denies the allegations of Paragraph 75 of the Complaint.

## COUNT IV

**(Common Law Trademark Infringement and Passing Off)**

76. Evofem repeats and realleges its prior answers as if alleged fully herein.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the Complaint.

79. Denies the allegations of Paragraph 79 of the Complaint.

80. Denies the allegations of Paragraph 80 of the Complaint.

81. Denies the allegations of Paragraph 81 of the Complaint.

82. Denies the allegations of Paragraph 82 of the Complaint.

## COUNT V

**(Cancellation of Trademark Registration No. 6,201,656 Under 15 U.S.C. § 1119)**

83. Evofem repeats and realleges its prior answers as if alleged fully herein.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint.

85. Denies the allegations of Paragraph 85 of the Complaint.

86. Denies the allegations of Paragraph 86 of the Complaint.

87. Denies the allegations of Paragraph 87 of the Complaint.

88. Denies the allegations of Paragraph 88 of the Complaint.

89. Denies the allegations of Paragraph 89 of the Complaint.

90. Denies the allegations of Paragraph 90 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Evofem denies that TherapeuticsMD is entitled to any of the relief that it seeks.

## AFFIRMATIVE DEFENSES

Evofem further asserts the following affirmative defenses, without admitting any allegation not otherwise admitted and without assuming the burden of proof when such burden would otherwise be on TherapeuticsMD, and repeats and realleges all of the facts stated in the below counterclaim.

**First Affirmative Defense: Failure to State a Claim**

TherapeuticsMD fails to state a claim upon which relief may be granted.

### Second Affirmative Defense: Waiver

TherapeuticsMD's claims are barred, in whole or in part, by the doctrine of waiver.

### Third Affirmative Defense: Laches

Because TherapeuticsMD unreasonably delayed in asserting some or all of its purported claims, thereby prejudicing Evofem, the doctrine of laches bars those claims and extinguishes or limits any potential relief available to TherapeuticsMD.

### Fourth Affirmative Defense: Estoppel

TherapeuticsMD's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense: Unclean Hands

TherapeuticsMD's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Sixth Affirmative Defense: Acquiescence

TherapeuticsMD's claims are barred, in whole or in part, by acquiescence.

### Seventh Affirmative Defense: Invalidity of Trademark Registration

TherapeuticsMD's claims are barred, in whole or in part, because its purported trademark registration is invalid, unenforceable, and subject to cancellation.

### Eighth Affirmative Defense: Abandonment

TherapeuticsMD's claims are barred, in whole or in part, because it abandoned any rights it had in the purported trademark registration through non-use.

### Tenth Affirmative Defense: Lack of Harm

TherapeuticsMD's claims fail because it has suffered no damages or irreparable injury.

**Eleventh Affirmative Defense: FDCA Requirements Cannot Form Likelihood of Confusion**

TherapeuticsMD's claims fail, in whole or in part, to the extent that TherapeuticsMD attempts to premise a likelihood of confusion on labeling and prescribing information required by the FDA, which cannot form the basis for a finding of trademark infringement.

**Twelfth Affirmative Defense: No Likelihood of Confusion**

TherapeuticsMD's claims fail, in whole or in part, because the FDA has already specifically determined that there is no likelihood of confusion between PHEXXI and IMVEXXY.  (See Exhibit 5: FDA Proprietary Name Review.)  Indeed, the Institute for Safe Medication Practices has received no reports of confusion associated with PHEXXI (or IMVEXXY) prescriptions.  In addition, a nationally renowned, independent search firm also confirmed in August 2019 that there would be no likelihood of confusion between PHEXXI and IMVEXXY.  (See Exhibit 6: Excerpt of Independent Search Report.)  Indeed, in the search firm's report, 137 federal trademarks were noted and organized into Groups One through Five by relevance.  Id.  No live marks were put in Groups One through Three.  Of the 137 marks, 131 (including IMVEXXY) were categorized into Group 4 (merely of note).  Thus, this independent search firm also found no likelihood of confusion between PHEXXI and IMVEXXY.  Further, IMVEXXY has not pleaded any actual confusion and, upon information and belief, there is none.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

Evofem reserves the right to assert additional affirmative defenses as they become known through the course of discovery.

## COUNTERCLAIM

As and for its Counterclaim against Plaintiff TherapeuticsMD, Inc. ("TherapeuticsMD"), Defendant-Counterclaimant Evofem Biosciences, Inc. ("Evofem") alleges as follows:

### PARTIES

1. Evofem is a corporation organized under the laws of Delaware with a principal place of business at 12400 High Bluff Drive, Suite 600, San Diego, CA 92130.

2. TherapeuticsMD, Inc. is a corporation organized under the laws of Delaware with a principal place of business at 951 Yamato Road, Suite 220, Boca Raton, FL 33431.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Counterclaim pursuant to 15 U.S.C. § 1119.

4. Personal jurisdiction and venue (under 28 U.S.C. § 1391) are proper because TherapeuticsMD has submitted to this Court's jurisdiction by initiating and continuing to prosecute this action and because TherapeuticsMD has its principal place of business in this judicial district.

### FACTS

5. TherapeuticsMD has asserted (at ¶ 12) that it is the owner of U.S. Trademark Reg. No. 5,602,058 for the word mark IMVEXXY (the "Asserted Registration").

6. TherapeuticsMD purports via the Asserted Registration to have first used that mark in commerce in connection with "Pharmaceutical preparations for the treatment of vulval vaginal atrophy" on July 23, 2018. (See Exhibit D to the Complaint.)

7. Upon information and belief, Therapeutics MD has never used the purported IMVEXXY mark in commerce in the United States in connection with the goods identified in the Asserted Registration.

8. Indeed, by its own pleading (at ¶ 9), the FDA only approved the IMVEXXY product "***for the treatment of moderate-to-severe dyspareunia***." See also Exhibit 1, NDA Approval Letter (emphasis added).

9. TherapeuticsMD proposed that very indication in its application for FDA approval. See, e.g., Exhibit 2, FDA Summary Review Packet for IMVEXXY.

10. In accordance with the FDA's approval, TherapeuticsMD provides the following indication in its approved prescribing information: "IMVEXXY is an estrogen indicated for the ***treatment of*** moderate to severe ***dyspareunia***, a symptom of vulvar and vaginal atrophy, due to menopause." See Exhibit 3, IMVEXXY Prescribing Information (emphasis added).

11. Upon information and belief, TherapeuticsMD does not claim that IMVEXXY treats vulvar vaginal atrophy ("VVA") anywhere other than in its trademark registration. See, e.g., Exhibit 4 – Press Release (identifying IMVEXXY as being "for the treatment of moderate-to-severe dyspareunia (vaginal pain associated with sexual activity), a symptom of vulvar and vaginal atrophy (VVA), due to menopause").

12. In fact, IMVEXXY does not treat vulvar vaginal atrophy.

13. IMVEXXY also does not treat menopause.

14. IMVEXXY treats dyspareunia.

15. IMVEXXY does not treat anything other than dyspareunia.

16. IMVEXXY was not approved by the FDA to treat anything other than dyspareunia.

17. Dyspareunia is just one of the symptoms associated with VVA.

18. Dyspareunia can result from many different diseases, including cancer.

19. TherapeuticsMD's claim that IMVEXXY "treats" VVA is equivalent to a claim that IMVEXXY treats cancer.

20. Because IMVEXXY does not actually treat VVA, TherapeuticsMD has never used the IMVEXXY mark in commerce in connection with the goods identified in the Asserted Registration.

## COUNT I
### Request for Cancellation of Asserted Registration for Abandonment

21. Evofem reincorporates and realleges the preceding paragraphs of this Counterclaim as if fully set forth herein.

22. TherapeuticsMD has asserted that it is the owner of the purported IMVEXXY mark and the Asserted Registration and that it has used the IMVEXXY mark in connection with the only good identified in the Asserted Registration in commerce since at least July 23, 2018.

23. However, TherapeuticsMD has never used the IMVEXXY mark in connection with the only good identified in the Asserted Registration because the sole identification therein is wrong in that it misidentifies and does not encompass the good that TherapeuticsMD has actually been selling in connection with the IMVEXXY name.

24. Accordingly, the IMVEXXY mark has been abandoned with respect to the good identified in the Asserted Registration.

25. Upon information and belief, TherapeuticsMD has no intent to use the IMVEXXY mark in connection with the only good identified in the Asserted Registration.

26. Upon information and belief, TherapeuticsMD has not developed or received FDA approval for a pharmaceutical preparation that treats VVA.

27. Evofem is entitled to a declaration that the alleged IMVEXXY mark has been abandoned with respect to the only good identified in the Asserted Registration.

28. As a result of the abandonment of the mark with respect to the only good identified in the Asserted Registration, the Asserted Registration should be cancelled by the Court under the authority of 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

WHEREFORE, Evofem prays for relief as follows:

A. That TherapeuticsMD's Complaint against Evofem be dismissed in its entirety with prejudice and that judgment be entered in favor of Evofem and against TherapeuticsMD;

B. That TherapeuticsMD take nothing from Evofem by way of the Complaint;

C. That judgment be entered in Evofem's favor that it has not infringed and does not infringe any purported right of TherapeuticsMD as it relates to the IMVEXXY mark;

D. That Defendant be awarded its costs incurred, including reasonable attorneys' fees; and

E. That judgment be entered declaring that TherapeuticsMD abandoned the purported IMVEXXY mark with respect to the only good identified in the Asserted Registration;

F. That the Court enter an order instructing the USPTO to cancel the Asserted Registration;

G. For an award of Evofem's attorneys' fees and costs; and

H. For such other further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(d), Evofem Biosciences, Inc. demands a jury trial on all issues triable by a jury.

Dated: April 21, 2021

Respectfully submitted,

LAW OFFICES OF JAMES A. STEPAN, P.A.

By: /s/ James A. Stepan
James A. Stepan
jstepan@stepanlaw.com
8570 Stirling Road Suite 102-161
Hollywood, FL  33024
Tel:  (305) 607-0678

and

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

Andrew D. Skale (CA SBN 211096) (*pro hac vice*)
ADSkale@mintz.com
Kara M. Cormier (MA BBO 684255) (*pro hac vice*)
KMCormier@mintz.com
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel:  (858) 314-1500
Fax: (858) 314-1501

Attorneys for Defendant
EVOFEM BIOSCIENCES, INC.

110708045v.1

## CERTIFICATE OF SERVICE

      I hereby certify that on April 21, 2021 the foregoing document was filed with the Clerk of the Court. I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        /s/James A. Stepan
                                        Attorney for Defendant Evofem Biosciences, Inc.

## SERVICE LIST
### CASE NO.: 9:20-cv-82296-RAR

Joseph William Bain, Esq.
jbain@shutts.com
Patricia A. Leonard,
pleonard@shutts.com
Jodi-Ann Tillman
JTillman@shutts.com
Shutts & Bowen, LLP
525 Okeechobee Blvd., Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 650-8523
*Attorneys for Therapeutics MD, Inc.*

Ehab Samuel
esamuel@hdmnlaw.com
David A. Randall
dave@hdmnlaw.com
Sepehr Daghighian
sd@hdmnlaw.com
Hackler Daghighian Martino & Novak
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334
*Attorneys for Therapeutics MD, Inc.*

                                        /s/ James A. Stepan