UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| THERAPEUTICSMD, INC., <br><br> Plaintiff, <br><br> v. <br><br> EVOFEM BIOSCIENCES, INC., <br><br> Defendant. | CASE NO. 9:20-cv-82296 |

**STIPULATED ORDER REGARDING DISCOVERY, INCLUDING
THE COLLECTION AND PRODUCTION OF DOCUMENTS
AND ELECTRONICALLY STORED INFORMATION**

This Stipulated Order sets forth the general agreement between the parties (each individually, a "Party" and collectively, the "Parties") regarding the protocol ("Protocol") for the production of hard copy documents ("Documents") and electronically stored information ("ESI") in the above-captioned civil action (the "Action").

**I.      GENERAL TERMS**

**A.      Application.**  The procedures set forth in this Order shall govern the production of Documents and ESI (as those terms are used in the Federal Rules of Civil Procedure, including Rule 34(a)) in the Action.  The Parties may, by written agreement, amend or otherwise modify this Protocol.  Nothing in this Protocol is intended to, or does, waive any objections to discovery or admissibility, or any other privileges or immunities or, except as specifically provided herein, impose obligations different than those contained in the Federal Rules of Civil Procedure or the Local Rules of this Court. The Parties recognize that additional issues or unforeseen circumstances may arise in the course of discovery, and nothing in this Protocol is intended to, or

1

does, restrict the ability of either Party to request additional information or seek additional relief from the Court.  The Parties each retain the right to seek exceptions, amendments, or modifications to this Protocol from the Court.

      **B.**    **Scope of Discovery.**  This Order does not affect the proper subject matter of discovery in the Action nor does this Order imply that Documents or ESI produced under its terms are relevant or admissible in this Action or in any other litigation.

      **C.**    **Preservation of Data.**  The Parties acknowledge that they have an obligation to take reasonable and proportional steps to preserve discoverable information in the Party's possession, custody or control.  Absent a showing of good cause by the requesting Party, the Parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the Parties shall preserve the non-duplicative discoverable information currently in their possession, custody, or control.  The Parties agree that the Parties need not preserve, search for, or produce: (1) deleted, slack, fragmented, or other data only accessible by forensics; (2) random access memory (RAM), temporary files, or other data difficult to preserve without disabling the operating system; (3) on-line access data such as temporary internet files, history, cache, cookies, and the like; (4) data in metadata fields that are frequently updated automatically, such as last-opened dates; (5) server, system, or network logs; (6) data remaining from systems no longer in use that is unintelligible on the systems currently in use; and (7) back-up data that is entirely duplicative of data that can be collected elsewhere.  Also, absent a showing of good cause, the following are deemed not reasonably accessible and need not be collected or preserved: (1) data contained on mobile phones and personal devices; (2) voicemail messages of any kind; and (3) instant messages and/or chat data not stored on a server dedicated to this type of messaging.  The Parties will take reasonable

steps to preserve all Metadata associated with documents and ESI. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b).

      **D.**    **Modification and Amendment.** This Order may be modified or amended by written agreement of the Parties or upon order of the Court.

      **E.**    **Reservation of Rights.** The Parties reserve all rights under the Federal Rules of Civil Procedure and the Local Rules of Practice of the U.S. District Court for the Southern District of Florida.

**II.**    **COLLECTION OF DOCUMENTS AND ESI**

      **A.**    **Timing.** The Parties have agreed to make rolling productions consistent with their obligations under this Court's rules.

      **B.**    **Sources.** The Parties shall make reasonable efforts to identify and collect any Documents and ESI potentially relevant to this Action from all sources of potentially responsive information.

      **C.**    **Time Zone Processed.** ESI items shall be processed and metadata produced in Coordinated Universal Time ("UTC").

      **D.**    **Search of ESI.** To facilitate the collection and review of custodial documents and ESI, the Parties hereby agree to develop a search criteria informed by the scope proportionality considerations of Federal Rule of Civil Procedure 26(b)(1) to guide each Party's collection efforts. If after a reasonable and good faith effort to meet and confer the Parties disagree on the applicable keywords to be used, relevant custodians to be included, or sources of ESI to be searched, any Party may file an appropriate motion for determination by the Court. During the

pendency of any such motion, the producing Party will continue to implement any search criteria that is agreed upon.

Nothing in this paragraph exempts the Parties from searching and producing relevant data from non-custodial data sources, such as shared and department folders on corporate servers to the extent such sources contain discoverable information.  To the extent a Party chooses to search and review using a technology or methodology other than, or in addition to, search terms (including, for instance, predictive coding), the Party shall disclose its intent to use that technology and the name of the technology to be used.  It is the Producing Party's right to determine the best method of search and review and how it will comply with its obligations pursuant to Federal Rule of Civil Procedure 26.

**D. Collection of ESI.** The Parties shall use best efforts to collect ESI in a manner that does not alter metadata or other file attributes.

**III.   PRODUCTION OF HARD COPY DOCUMENTS**

**A.   File Type.**  The Parties shall produce Documents as Group IV black and white, single-page TIFF images at not less than 300 dpi resolution, along with associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks as well as metadata load files in delimited text format containing available custodial/container metadata for each hard copy document.  The TIFF image must convey the same information as if the Document were produced in paper.

**B.   Extracted Text and OCR.**  The producing Party will produce an extracted text file for each electronic document where text can be extracted, and an Optical Character Recognition ("OCR") text file for (i) each imaged paper document, and (ii) each electronic document for which text cannot be extracted, where feasible depending on the file type.  Said

extracted text and OCR files shall be produced as document level text files and be named consistently with their corresponding TIFF files.

   **C.** **Color Copies.**  A receiving Party may request that specific Documents be produced in color.

   **D.** **Family Groups.**  To the extent possible or practical, the Parties shall maintain family groups together in one production volume and shall not break family groups apart in separate production volumes.  The Parties understand that breaking of family groups may be necessary for, for example, size requirements, irrelevant child attachments or related documents, or privilege issues.

   **E.** **Scan Size.**  Reasonable efforts will be used to scan Documents at or near their original size, so that the print or image on the Document appears straight, and not skewed.

   **F.** **Notes and Attachments.**  If any original Document has notes or attachments affixed thereto, the Parties will produce copies of those Documents with the accompanying notes and attachments unless privileged.

**IV.** **PRODUCTION OF ESI**

   **A.** **File Type.**  The Parties shall produce ESI as Group IV black and white, single-page TIFF images at not less than 300 dpi resolution.  A DII., LFP, or OPT image load file named after the delivery volume for images indicating appropriate document and family breaks will accompany each production.

   **B.** **Metadata.**  For each document produced, the Parties shall identify the metadata set forth on **Exhibit A** to the extent such metadata programmatically exists or is created at the point of processing.  A separate metadata text file containing the fields set forth on **Exhibit A** should be included with every production using standard Concordance delimiters (Comma =

020, Quote = 254, Newline/Return = 174). The load files should be placed in a separate folder labeled "Data."

   **C.** **OCR/Extracted Text.** OCR or Extracted Text files will be provided with each production on the document level for all documents produced and will be named after the corresponding PRODBEG number with the extension of .txt, and placed in a separate folder labeled "Text."

   **D.** **Native Files.** Microsoft Excel/spreadsheet files, audio/visual, or media files shall be produced as Native Files. A Party may request that another Party produce other ESI as Native Files for good cause, including, for example, for illegibility or for use as a trial exhibit. For files produced natively, the Parties agree to produce a single slipsheet for each file branded with the text "File Produced In Native Format" along with the corresponding Bates number and confidentiality designation.

   **E.** **Database Files.** If a request for production requests data stored in a structured format, including a database, the producing Party will produce data from that database in a manner it determines to comply with the requirements of this Order, the discovery request to which the data responds, and the requirements of the Federal Rules of Civil Procedure. The Parties may meet and confer regarding the feasibility of or need to produce data from a database in a different format as necessary.

   **F.** **Color Copies.** A receiving Party may request that specific ESI be produced in color.

   **G.** **De-duplication.** The Parties may employ, at their own election, industry-standard deduplication procedures globally across non-email ESI at the document level and globally across e-mail at the family level to avoid the production of documents and/or email

families that are complete duplicates of others already produced, included as email attachments, or selected for production. If deduplication is performed, the identity of the other custodians of deduplicated items must be listed in the "All Custodians" metadata field of the copy of the single record that is produced. Parties may also thread emails and review/produce only threaded-inclusive content is produced. Parties will include Thread Group ID metadata to the extent threading is performed and will maintain all "non-inclusive" data removed from review pending the close of discovery.

    **H.** **Attachments.** If any original ESI has attachments, the Parties will produce copies of that ESI with the attachments unless privileged.

    **I.** **Parent-child relationships.** The association between an attachment and its parent document must be preserved in such a way that a document and any attachments to that document are produced in the same production set and are identifiable as parent and child.

    **J.** **Embedded files.** Embedded files, except for images and logos embedded in emails, are to be produced as family groups. Embedded files should be assigned Bates numbers that directly follow the Bates numbers on the documents within which they are embedded.

    **K. No obligation to convert third party productions.** The Parties agree that any document production received from a third party shall be produced in the format in which it was received except that the Receiving Party must provide Bates labelled images compliant with Paragraph IV(B) of any documents received in a native or non-Bates labeled format.

**V.** **BATES LABELING/CONFIDENTIALITY DESIGNATIONS**

    **A.** **Labeling**. Each page of all images produced (whether Documents or ESI) must be clearly labeled with a unique Bates number identifier electronically "burned" onto the image. Reasonable steps shall be taken to place the Bates number at a location that does not

obscure any information from the source document. In addition, to the extent any image or file is to be marked confidential, each page of the image or file should be marked with confidentiality designations as set forth in the Protective Order separately entered into by the Parties and ordered by the Court.

      **B.**    **File Names.** Image file names must be unique and must correspond with the Bates number imprinted on the image. For example, if the Bates number "B0000001" was imprinted, the image would bear the name "B0000001.tif."

**VI.**    **Authenticity.** No Party shall object that Documents or ESI produced pursuant to this Order is not authentic based upon the file naming convention described in Section V(B), above. The Parties otherwise reserve all rights regarding their ability to object to the authenticity of Documents or ESI.**PRIVILEGE AND REDACTIONS**

      **A.**    **Scope of Privilege Logging.** The Parties agree that, for purposes of privilege logs prepared in accordance with Federal Rule of Civil Procedure 26(b)(5) and Magistrate Reinhart's Standing Discovery Order, the Parties do not need to log material created after December 14, 2020.

      **B.**    **Metadata-Oriented Privilege Logging.** Wherever possible, the Parties agree that privilege logs will be based on the metadata associated with documents withheld on the basis of privilege or the work product doctrine. To the extent withheld documents are email strings, such strings will be logged based on the metadata corresponding to the top-of-chain email. Attachments to emails should be separately logged using their corresponding metadata. To the extent a Party believes the proffered metadata is insufficient to allow for a determination of whether or not a particular document is privileged, or to determine whether to challenge the

privilege claim, the Parties will meet and confer as to what additional information is necessary to allow for such a determination.

    C.  **Clawback.**  The inadvertent disclosure to the other Party of any document that is subject to a claim that the document should have been withheld from disclosure as a privileged attorney/client communication or attorney work product shall not constitute a waiver of any privilege or otherwise affect the right to withhold it from production as privileged or work product. If a request is made in good faith to return any such allegedly privileged or work product document that was inadvertently disclosed, the Party that received the document shall delete it and return all hard copies of it within 10 days of the request. The privilege or work product status of such document or information shall be deemed to be restored upon the making of such request. However, nothing herein shall preclude the Non-Producing Party from petitioning the Court to determine whether the document or information constitutes a privileged communication or work product. In the event the Non-Producing Party intends to challenge the claim of privilege or work product, the Non-Producing Party may retain a copy of the document at issue for the purpose of seeking judgment from the Court. To the extent such a document is submitted to the Court in association with any such proceeding, the document should be submitted in accordance with this Court's required sealing procedure.

(signature page follows)

Dated: June 22, 2021

Agreed to and accepted by:

| | |
|---|---|
| SHUTTS & BOWEN LLP | LAW OFFICES OF JAMES A. STEPAN, P.A. |
| By: /s/ Joseph W. Bain<br>Joseph W. Bain, FL SBN 860360<br>JBain@shutts.com<br>Patricia A. Leonard, FL SBN 65455<br>pleonard@shutts.com<br>Jodi-Ann Tillman, FL SBN 1022214<br>JTillman@shutts.com<br>525 Okeechobee Boulevard, Suite 1100<br>West Palm Beach, FL 33401<br>Telephone: 561-835-8500<br>Facsimile: 561-650-8530 | By: /s/ James A. Stepan<br>James A. Stepan, FL SBN 184896<br>jstepan@stepanlaw.com<br>8570 Stirling Road, Ste. 102-161<br>Hollywood, FL 33024-8203<br>Telephone: (305) 607-0678 |
| and | and |
| HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C. | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C. |
| Ehab Samuel (CA SBN 228296)<br>esamuel@hdmnlaw.com<br>David A. Randall (CA SBN 156722)<br>dave@hdmnlaw.com<br>Sepehr Daghighian (CA SBN 239349)<br>sd@hdmnlaw.com<br>10900 Wilshire Blvd., Suite 300<br>Los Angeles, CA 90024<br>Tel.: (310) 887-1333<br>Fax: (310) 887-1334 | Andrew D. Skale (CA SBN 211096)<br>adskale@mintz.com<br>Kara M. Cormier (MA BBO 684255)<br>kmcormier@mintz.com<br>3580 Carmel Mountain Road, Ste 300<br>San Diego, CA 92130<br>Tel: 858-314-1506<br>Fax: 858-314-1501 |
| *Attorneys for Plaintiff*<br>*THERAPEUTICSMD, INC.* | *Attorneys for Defendant*<br>*EVOFEM BIOSCIENCES, INC.* |

IT IS SO ORDERED this __ day of _____, 2021.

_____
UNITED STATES JUDGE

# EXHIBIT A
## REQUIRED METADATA FIELDS FOR DOCUMENTS AND ESI

For each document produced, the producing Party shall provide a loadfile containing the following metadata fields to the extent such metadata programmatically exists or is created at the point of processing:

- Custodian
- All/Duplicate Custodian
- Email Subject
- Conversation Index
- From, To, CC, and BCC
- Date Sent and Time Sent
- Date Received and Time Received
- Filename
- File Type
- Author
- Parent Date
- Date Created
- Date Modified
- MD5 Hash
- File Size
- File Extension
- Thread Group ID
- Control Number Begin and Control Number End
- Attachment Count
- Attachment Range
- Attachment Begin and Attachment End (or the equivalent thereof)
- Redaction (Y or N)
- Confidentiality Designation (CONF, AEO, etc.).
- Text File Path
- Native File Path

112396128v.3