UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-82296-Ruiz/Reinhart

THERAPEUTICSMD, INC.,

        Plaintiff,

v.

EVOFEM BIOSCIENCES, INC.,

        Defendant.
_____/

## ORDER MEMORIALIZING DISCOVERY RULINGS

On September 17, 2021, I held a hearing regarding several discovery disputes that have arisen in this case. The parties briefed these disputes in the following filings: ECF Nos. 77, 79, 80, 82 and 85. This Order memorializes my rulings from the bench.

Plaintiff's request for a protective order to preclude Defendant from deposing Dr. Diane Barrett is denied. This ruling is without prejudice in the event Dr. Barrett seeks to quash the deposition subpoena in federal court in Virginia on any alternative grounds available to her.

Defendant's objection to Plaintiff identification of 24 corporate representatives in response to Defendant's Rule 30(b)(6) notice is overruled. The questioning of all 24 witnesses must occur within a limited number of consecutive days. Counsel shall confer and notify the Court if they are unable to agree on the number of days for this Rule 30(b)(6) deposition.

After reviewing the material submitted by Plaintiffs, I reject Plaintiff's allegation that Defendant breached the parties' stipulated confidentiality order by relating information contained in declarations Plaintiff designated as confidential to certain individuals named therein. Plaintiff contends that Defendant violated Section 7.2 of the confidentiality order (ECF No. 38-1, 39) by contacting the doctors and office staff named in the declarations regarding statements attributable

to them.  Section 7.2 specifically identifies categories of individuals who are excluded from the disclosure prohibition and to whom the recipient of the confidentially designated document (namely, Defendant) may disclose the information.   Subsection (i) states that confidential information may be disclosed to "the author or recipient of a document containing the information or a custodian *or other person who otherwise possessed or knew the information.*"  Since the individuals Defendant contacted about the declarations were those identified in the declarations as people with knowledge of the information, Defendant's communications with them did not constitute a violation of the confidentiality agreement.  I further find that defense counsel's communications with the named doctors and their staff do not amount to harassment.[1]

Finally, with regard to Defendant's allegation that its interviews of third-party witnesses and the notes generated therefrom are privileged, Defendant bears the burden of establishing this privilege.  Accordingly, counsel shall have until **September 22, 2021** to confer and file any additional declarations as well as a joint status report regarding the need for an evidentiary hearing on the privilege issue.

**DONE AND ORDERED** in Chambers this 17th day of September, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

---

[1] This ruling is without prejudice to Defendant challenging the confidentiality designations using the procedure in the stipulated confidentiality order.