UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-82296-RUIZ/REINHART

THERAPEUTICSMD, INC.,

        Plaintiff,

vs.

EVOFEM BIOSCIENCES, INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS ECF NO. 43

Before me is Defendant Evofem Biosciences, Inc.'s (Evofem) Corrected Partial Motion to Dismiss, which was referred to me by the Hon. Rodolfo A. Ruiz, II, for appropriate disposition. ECF Nos. 43, 55. Evofem moves to dismiss Count VI of the First Amended Complaint (FAC), wherein Plaintiff TherapeuticsMD, Inc. (TXMD) seeks cancellation of Evofem's United States Trademark Registration No, 6,201,656 ("the mark") based on alleged fraud on the U.S. Patent and Trademark Office (USPTO). ECF No. 37 ¶¶ 91–122. In addition to the motion and the FAC, I have reviewed TXMD's response (ECF No. 50), and Evofem's reply (ECF No. 56). For the reasons stated below, I recommend that Evofem's Motion to Dismiss (ECF No. 43) DENIED.

## BACKGROUND

In 2018, the FDA approved TXMD's product, IMVEXXY, which is a vaginally inserted prescription drug product "for the treatment of moderate-to-severe dyspareunia (vaginal pain associated with sexual activity), a symptom of vulvar and vaginal atrophy, due to menopause." ECF No. 37 ¶ 9. In March 2020, the FDA approved Evofem's product, PHEXXI, which is a

1

vaginally inserted, hormone-free contraceptive. *Id.* at ¶¶ 17, 98. Evofem began selling PHEXXI on September 8, 2020. *Id.* at ¶ 24.

TXMD's initial Complaint (ECF No. 1), filed on December 14, 2020, alleged four counts of trademark infringement under federal and state statutes as well as common law. The Complaint also sought cancellation of Evofem's mark for improperly issued by the USPTO because it is "confusingly similar" to TXMD's mark. ECF No. 1.

Following the deposition of Stewart Brown, Evofem's Deputy General Counsel, TXMD moved to amend its Complaint to add an additional basis for seeking cancellation of the mark, namely, procurement by fraud. ECF No. 34. Evofem filed an unopposed motion to extend its time to respond to the motion (ECF No. 35), but Judge Ruiz granted TXMD's motion to amend without a response from Evofem. ECF No. 36. Evofem now seeks to dismiss the cancellation for fraud claim at Count VI of the FAC. ECF No. 43.

## FACTS ALLEGED IN THE FAC

In Count VI of the FAC, Plaintiff TXMD alleges as follows:

92. On August 28, 2019, Evofem, with assistance from its outside counsel (Evofem's "Counsel of Record"), electronically filed the '085 Application with the USPTO for the mark PHEXXI in connection with, among other things, "pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens."

93. On September 8, 2020, Evofem with the assistance of its Counsel of Record, electronically filed a Statement of Use with the USPTO alleging that the PHEXXI "mark is in use in commerce on or in connection with all of the goods" and that "the mark was first used by the applicant . . . at least as early as 09/08/2020, and first used in commerce at least as early as 09/08/2020, and is now in use in such commerce."

94. On information and belief, Evofem's Counsel of Record drafted the Statement of Use.

95. Evofem's Vice President & Deputy General Counsel ("VPDGC") . . . signed the Statement of Use on 09/08/2020 on Evofem's behalf. [Exhibit K].

96. The Statement of Use contains a standard declaration as to the truth of the statements in the Statement of Use, as well as a warning that "willful false statements and the like are punishable by

2

fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom."

97. At the time Evofem filed the Statement of Use, Evofem was not using and had never used the PHEXXI Mark in commerce in connection with all of the goods described in the '085 Application, including "pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens" (collectively "the Falsely Claimed Goods").

98. At the time Evofem filed the Statement of Use, the FDA had only approved Evofem to market a drug bearing the PHEXXI Mark for use as a "vaginal gel for the prevention of pregnancy in females of reproductive potential for use as an on-demand method of contraception" ("Evofem's Approved Drug"). A copy of the FDA approval letter is attached as Exhibit L.

99. Evofem did not and currently does not have the approval from the FDA to market and sell Evofem's Approved Drug bearing the PHEXXI Mark for the Falsely Claimed Goods.

100. Evofem's VPDGC knew that Evofem was not using and had never used the PHEXXI Mark in commerce in connection with the Falsely Claimed Goods and knew that Evofem had not obtained FDA approval to market the Falsely Claimed Goods under the PHEXXI Mark.

101. Although Evofem had not used and could not lawfully use the PHEXXI Mark in connection with the Falsely Claimed Goods, Evofem's Counsel of Record prepared and filed, and Evofem's VPDGC nevertheless signed, the Statement of Use declaring, among other things that "the [PHEXXI] mark is in use in commerce on or in connection with all the goods . . . in the application or notice of allowance, or as subsequently modified." See Exhibit L (emphasis added).

102. Because Evofem had not used and could not lawfully use the PHEXXI Mark in connection with the Falsely Claimed Goods, the VPDGC's and Evofem's declaration regarding use of the PHEXXI Mark in commerce for all the goods was false.

103. Had the VPDGC not made and filed this false declaration, Evofem would not have received a Certificate of Registration for the PHEXXI Mark that included the Falsely Claimed Goods.

104. Accordingly, the false statement included in the Statement of Use was material to the registrability of the PHEXXI Mark.

105. Evofem's VPDGC's false statement was made with knowledge of the falsity of the representation and with intent to deceive the USPTO.

106. Evofem's VPDGC submitted the false statements as to the use of the PHEXXI Mark on the Falsely Claimed Goods in commerce and the first use date of the mark with the intent to procure a registration to which Evofem is not entitled.

107. For example, Evofem and its VPDGC knew the indication for which the FDA had approved Evofem's Approved Drug under the PHEXXI mark.

108. Evofem and its VPDGC knew that it could not market a drug under the PHEXXI Mark for an indication for which the FDA had not approved.

109. The intent of Evofem's VPDGC to submit a false declaration is further evidenced by the nature of the specimen submitted in support of the Statement of Use.

110. The September 8, 2020 Statement of Use included the declaration that "[t]he specimen(s) shows the mark as used on or in connection with the goods . . . in commerce."

111. Evofem's September 8, 2020 Statement of Use included a specimen (reproduced below), which is described as "Product picture / packaging." Only the top view and the right-side view of Evofem's Approved Drug product packaging was included as the specimen.

112. But absent from VPDGC's submission was the back side of Evofem's Approved Drug product packaging, which explicitly states that "Phexxi™ does not protect against HIV infection (AIDS) and other sexually transmitted diseases."

113. A picture of the back side of Evofem's product packaging is reproduced below with annotation identifying the relevant disclaimer.

114. Similarly, the prescribing information for Evofem's Approved Drug product, which is provided inside Evofem's product packaging, explicitly states that "PHEXXI does not protect against HIV infection and other sexually transmitted diseases." A copy of Evofem's prescribing information is attached as Exhibit F.

115. The product packaging and the prescribing information both state that "PHEXXI does not protect against HIV [(AIDS)] infection and other sexually transmitted diseases." Likewise, Evofem's website repeatedly includes a similar disclaimer: "Phexxi does not protect against sexually transmitted infections, including HIV."

116. Evofem's VPDGC knew of these statements.

117. Evofem's VPDGC knew that the statements on the product packaging and in the prescribing information contradicted his statement of use in commerce of the PHEXXI Mark in connection with "pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens."

118. Even though the product packaging, prescribing information, and website for Evofem's Approved Drug disclaims use for protection against HIV and sexually transmitted diseases, which are typically caused by bacterial and viral pathogens, Evofem's VPDGC omitted this information from the Statement of Use and did not disclose this material information to the USPTO. Nor did Evofem's VPDGC disclose the back side of Evofem's product packaging as part of the submitted specimen.

119. Upon information and belief, Evofem's VPDGC deliberately concealed such information from the USPTO and excluded the explicit material disclaimer on the product packaging to prevent the Examining Attorney from questioning the sufficiency of the specimen to show use in commerce of the PHEXXI Mark on "pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens" and requesting additional specimen(s) or information.

120. Such an objection and request from the USPTO would have exposed the falsity of the statements included in VPDGC's statement of use and Evofem's Registration would not have issued. The USPTO relied on VPDGC's false and material statement of use in issuing Evofem's Registration. But for Evofem's false and material statement of use, Evofem's Registration would not have issued.

121. For the reasons discussed above, Evofem's VPDGC committed fraud in the procurement of Evofem's '656 Registration or during the prosecution of the '085 Application for the PHEXXI Mark.

122. TherapeuticsMD is being and will continue to be damaged by the registration of the PHEXXI mark, and Evofem will continue to enjoy unlawful gain and advantage to which it is not entitled under the Lanham Act, 15 U.S.C. §§ 1051, et seq., unless this Court declares that the '656 Registration was improperly issued by the USPTO and acts to cancel it in accordance with 15 U.S.C. § 1119.

ECF No. 37.

## LEGAL STANDARDS

*Motion to Dismiss Standard*

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a claim must provide the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.,* 534 U. S. 506, 512 (2002). While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal,* 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-

me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U. S. at 678 (*quoting Twombly*, 550 U. S. at 557 (alteration in original)).

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 570. In addition, "courts may infer from factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct that plaintiff would ask the court to infer." *Am. Dental Assoc. v. Cigna Corp*., 605 F. 3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal,* 556 U. S. at 682). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 556 U. S. at 678 (quoting *Twombly,* 550 U. S. at 557). When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc*., 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and

belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

*Heightened Pleading Standard for Fraud under Rule 9(b)*

In addition to the usual notice pleading standard under Rule 8, Rule 9(b) requires that allegations of fraud state "with particularity the circumstances constituting the fraud." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). The Eleventh Circuit has interpreted this requirement to mean that the complaint must set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud. *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (noting that while Rule 9(b) requires the circumstances of the fraud to be pled with particularity, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally").

*Cancellation of Trademark for Fraud*

The elements of fraud in trademark registration are as follows: (1) "[t]he challenged statement was a false representation regarding a material fact. (2) The person making the representation *knew* that the representation was false ('scienter'). (3) An *intent to deceive* the USPTO. (4) Reasonable reliance on the misrepresentation. (5) Damage proximately resulting from such reliance." *Church Girls, LLC v. Rodgers*, No. 2:18-CV-14232, 2018 WL 5923436, at *2 (S.D. Fla. Nov. 13, 2018) (J. Rosenberg) (quoting 6 McCarthy on Trademarks and Unfair Competition § 36:61). "An applicant commits fraud when he 'knowingly makes false, material representations of fact in connection with an application for a registered mark.'" *Sovereign Military Hospitaller v.*

7

*Fla. Priory of Knights Hospitallers*, 702 F.3d 1279, 1289 (11th Cir. 2012) (quoting *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1209 (11th Cir. 2008)). To prove fraud, the party seeking cancellation must also demonstrate that the trademark applicant had "a purpose or intent to deceive the PTO in the application for the mark." *Id.* (citing *In re Bose Corp.*, 580 F.3d 1240, 1243–1245 (Fed. Cir. 2009). The party seeking cancellation of the mark must demonstrate that the registrant had the *subjective intent* to defraud the PTO: "[T]here is a material legal distinction between a 'false' representation and a 'fraudulent' one, the latter involving an intent to deceive, whereas the former may be occasioned by a misunderstanding, an inadvertence, a mere negligent omission, or the like. In other words, deception must be willful to constitute fraud." *In re Bose Corp.*, 580 F.3d at 1243.

## DISCUSSION

Evofem moves to dismiss Count VI (Cancellation of Trademark Registration No. 6,201,656 – Fraud on the USPTO). ECF No. 43. In sum, Count VI alleges that Evofem committed fraud by knowingly submitting a Statement of Use as a part of its application to the USPTO that declared a non-FDA approved use for the product bearing the PHEXXI mark. Since the product bearing the PHEXXI mark was not FDA approved for the declared use, Count VI asserts that the Statement of Use containing the declaration was false. ECF No. 37 ¶ 91-122.

In the Statement of Use, Evofem's Deputy General Counsel declared that the good bearing the PHEXXI mark was a:

> Personal lubricant; personal sexual lubricants; pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for spermatozoa; **pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens**; pharmaceutical acid-buffering gel with bio adhesive properties designed to maintain an optimal environment.

ECF No. 37 at Ex. K. TXMD asserts that the statement, "pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens," is false, because "[a]t the time Evofem filed the Statement of Use, Evofem was not using and had never used the PHEXXI Mark in commerce" for this purpose. ECF No. 37 at ¶ 97. In support of this allegation TXMD alleges that at the time the Statement of Use was filed, "the FDA had only approved Evofem to market a drug bearing the PHEXXI mark for use as a 'vaginal gel for the prevention of pregnancy in females of reproductive potential for use as an on-demand method of contraception.'" ECF No. 37 ¶ 98.

Evofem's Motion to Dismiss Count VI should be denied. Assuming the truth of the facts alleged, as I must at this stage of the proceedings, the allegations in Count VI are sufficient to create a plausible claim that Evofem committed fraud on the USPTO. Specifically, TXMD has alleged that Evofem made a false representation of a material fact to the USPTO in its Statement of Use (because at the time, the PHEXXI Mark was not being used in commerce for purposes of "pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens,") that Evofem knew the representation was false (because PHEXXI was not then being used for this purpose since the FDA had not approved this use and Evofem was not marketing PHEXXI for this purpose), that the USPTO reasonably relied on the misrepresentation (because the mark was granted), and that TXMD has suffered damages as a result (because Evofem's mark is confusingly similar to TXMD's and thus decreasing its sales). As for the "intent to deceive" element, TXMD has alleged that Evofem "deliberately concealed" information from the USPTO that would have "exposed the falsity" of its Statement of Use. ECF No. 37 at ¶¶ 100, 101, 105, 109, 116, 117, 119, 120. Specifically, TXMD alleges that Evofem

9

intentionally omitted a portion of its packaging from its application to the USPTO because it contained a disclaimer that belied Evofem's Statement of Use.

To satisfy the general pleading standard for fraud, TXMD has articulated exactly the false statement by Evofem, the time and place of that omission (in the trademark application), how the statement misled the USPTO (the USPTO issued the mark based on false information about the product's use in commerce), and what Evofem obtained as a result (the registered trademark). Thus, TXMD has adequately pled Count VI and Evofem is on notice about the fraud it allegedly committed. Dismissal at this stage is not warranted. *See Church Girls, LLC*, No. 2:18-CV-14232, 2018 WL 5923436.

I am mindful of Evofem's argument that TXMD has not conclusively established the falsity of its Statement of Use, however, at this early stage, TXMD need only allege facts sufficient to plausibly give rise to an entitlement to relief.

Evofem's Statement of Use filed with the USPTO may ultimately prove to be accurate since a product's actual uses may differ from those approved by the FDA. Evofem might produce evidence that PHEXXI was in fact then being used as a microbicidal to create an inhospitable environment for viral and bacterial pathogens, regardless of the FDA's approval or Evofem's marketing. Nevertheless, at this juncture, the Court is precluded from considering such evidence and TXMD's allegations are sufficient on their face to sustain the cause of action in Count VI.

## **REPORT AND RECOMMENDATION**

For the above-stated reasons, I **RECOMMEND** that Defendant Evofem's Partial Motion to Dismiss (ECF No. 43) be **DENIED.**

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz, II, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 21st day of October, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE