**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 20-82296-CIV-RUIZ/REINHART**

THERAPEUTICSMD, INC.,

      Plaintiff,

vs.

EVOFEM BIOSCIENCES, INC.,

      Defendant.

_____/

## <u>DEFENDANT EVOFEM'S MOTION IN LIMINE</u>

Pursuant to the Court's Order Setting Jury Trial Schedule (ECF No. 22) and the Court's Order Amending Previous Scheduling Orders (ECF No. 129), Defendant Evofem Biosciences, Inc. ("Evofem") submits this Motion in Limine to exclude the following evidence:

1.      Testimony from Plaintiff TherapeuticsMD's ("TXMD") Witnesses on Purported Confusion;

2.      Testimony from TXMD's Witnesses on Alleged Witness Intimidation;

3.      Evidence on Any TXMD Damages other than Corrective Advertising;

4.      Reference to an Unrelated Employment Suit styled *Kitchens-Beatty v. Evofem*;

5.      Testimony from TXMD in house counsel Samir Desai on Elements of Trademark Infringement;

6.      Evidence or Argument on Punitive Damages and Equitable Claims.

## INTRODUCTION

Listing 43 witnesses and over 500 exhibits, TXMD seeks to overwhelm the jury with a mountain of irrelevant and inadmissible evidence in an unfounded attempt to overcome the absence of any underlying evidence of confusion.  This should not be permitted.

At bottom, there is no evidence of confusion—actual or likely—between the parties' prescription-only medications.  Plaintiff's IMVEXXY is prescribed to women in menopause to treat dyspareunia (painful sex) and is not indicated for use in females of reproductive potential. PHEXXI is a non-hormonal contraceptive gel prescribed to women of child-bearing age. There is no evidence that any doctor or pharmacist ever confused these prescription medications. Instead, Plaintiff is pursuing these claims as an improper attempt to undermine PHEXXI sales because PHEXXI competes with another TXMD contraceptive product—ANNOVERA.

As already addressed in Evofem's pending Motion for Summary Judgment (ECF 112) and *Daubert* Motion to Exclude Plaintiff's Expert Witnesses (ECF 111), TXMD seeks to present irrelevant, hearsay evidence from nearly 30 witnesses about instances of fleeting confusion on the part of receptionists and other staff at physician's offices.  This evidence, in any form, should not be permitted.  Nor should TXMD be allowed to bolster its unsupported claims for trademark infringement through other categories of improper evidence.

## LEGAL STANDARD

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984). "The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007

WL 1752843, at *1 (M.D. Fla. June 18, 2007); *PayCargo, LLC v. CargoSprint LLC*, No. 1:19-cv-22995-LOUIS, 2021 WL 2434033, at *1 (S.D. Fla. June 14, 2021). 24, 2011);

Testimony and other evidence that is irrelevant to the trial should be excluded. Evidence that is not relevant is not admissible. Fed. R. Evid. 402; *Lane v. McKeithen*, 423 F. App'x 903, 905 (11th Cir. 2011); Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").  Even relevant evidence should be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403; *Royale Green Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 07-CIV-21404, 2009 WL 2208166, at *1 (S.D. Fla. July 24, 2009).

 "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules.  Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403[.]" *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)); *see also U.S. v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) ("The … court has broad discretion to determine … admissibility.")

> This is particularly true with respect to Rule 403 since it requires an 'on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant.' 1 S. Childress & M. Davis, Federal Standards of Review § 4.02, p. 4–16 (3d ed.1999). Under this deferential standard, courts of appeals uphold Rule 403 rulings unless the district court has abused its discretion. *See Old Chief v. United States*, 519 U.S. 172, 183 n.7 (1997).

*Mendelsohn*, 552 U.S. at 384.

**ARGUMENT**

TXMD's should be precluded from presenting improper evidence, as detailed below.

1. **Testimony from TXMD's Witnesses on Purported Confusion Should Be Precluded.**

Recognizing that the most important factor in determining whether there is a substantial likelihood of confusion is actual confusion, *see Savannah College of Art and Design, Inc. v. Sportswear, Inc.*, 983 F.3d 1273, 1281 (11th Cir. 2020), TXMD seeks to make its case through improper hearsay testimony of its sales representatives and other witnesses of fleeting confusion, limited to the initial months following the launch of PHEXXI.   TXMD lists as exhibits approximately 19 hearsay declarations from sales representatives and other employees, as well as a few transcripts of sworn statements (taken without proper notice or attendance by Evofem's counsel), and also includes 28 of these various representatives among the 43 total witnesses it seeks to call.[1]  Presumably intending to drag out this testimony at trial, TXMD states in the Pretrial Stipulation that the time for its own case-in-chief will be 10-12 trial days.

This evidence, however, is improper and irrelevant.  The declarations and sworn statements constitute inadmissible hearsay. *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1017 (11th Cir. 1987) (explaining an affidavit "would be inadmissible and, instead, a live witness or deposition would have to be used to present the evidence").  Additionally, the testimony itself is clearly inadmissible hearsay, and is also unreliable, proves absolutely nothing, and creates a significant risk of unfair prejudice, as TXMD seeks to confuse the issues, mislead the jury, delay,

---

[1] The declarations and sworn statements were filed by TXMD as part of their opposition to Evofem's summary judgment motion, *see* TXMD's Statement of Material Facts in Response to Evofem's Statement of Undisputed Facts, Exs. Y-II & PP, ECF 166-20, 166-21, 167-1 to 167-9, 167-16.  The witnesses are listed as numbers 5-36 on the TXMD's Witness list (attached hereto as Exhibit "A"), although other TXMD witnesses, including Samir Desai its Rule 30(b)(6) representative, may also attempt to present this testimony.

and waste time – by presenting 43 witnesses and more than 500 exhibits, over the course of unnecessarily extended trial days.  No volume of irrelevant hearsay evidence, however, can overcome the utter lack of evidence of actual confusion.  This improper evidence should be excluded in any form – either by declaration, sworn statement, or testimony.

### a.   The Declarations and Testimony are Inadmissible Hearsay.

Evofem's pending Motion for Summary Judgment addresses in detail the grounds for exclusion of this hearsay evidence.  (*See* ECF 112, at 17-20 (pp. 12-14); ECF 181, 8-12).  As explained, the purported evidence consists of testimony by TXMD sales representatives—who are not themselves confused in any way—about passing comments made to them by others who the sales reps felt were confused or, even more attenuated, who seemed to claim confusion by yet another person.  Thus, a TXMD sales representative reports on a conversation with a medical assistant or receptionist at a physician's office, who in some limited instances thought a physician in the office was confused.  The witnesses uniformly admitted at deposition that (i) they had no evidence either medication was ever mis-prescribed, and (ii) the purported confusion was immediately clarified, did not continue, and occurred in precious few instances given the nearly 50 sales calls each sales representative makes on a weekly basis (more than 3,500 calls per year for each sales rep).

This evidence, in any form, is inadmissible hearsay—and, in effect, double hearsay, or a hearsay statement within a hearsay statement.  Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).  "[H]earsay statements" are inherently "untrustworthy[]." *T. Harris Young & Assoc. v. Marquette Elecs*, 931 F.2d 816, 826-27 (11th Cir. 1991). "Hearsay presents substantial risks of insincerity and faulty narration, memory, and perception." *Id*.  This is

especially the case here, where TXMD solicited this evidence by directing its sales representatives—after the litigation was filed—to report instances "where they believe[d] IMVEXXY and PHEXXI were confused" by prescribers. *See* ECF 113, ¶ 41 (unsealed at ECF 125). As such, these declarations are nothing but an after-the-fact attempt to generate non-existent confusion that TXMD ***should*** have investigated ***before*** it filed this litigation (but did not).

The Eleventh Circuit holds that it is improper to admit an employee's testimony concerning purported third-party confusion because it serves "as evidence of the truth of the matters asserted— a classic hearsay purpose." *Angel Flight of Georgia, Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1206 (11th Cir. 2008). The Eleventh Circuit also affirmed the Southern District of Florida's decision to disregard "hearsay evidence regarding employee confusion," which was "not persuasive evidence of actual confusion" in *Fla. Int'l Univ. Bd. Of Trs.*, 830 F. 3d at 1264-65.[2]

Just recently, in *Unisource Discovery, Inc. v. Unisource Discovery, LLC*, the Court similarly excluded hearsay, where the plaintiff proffered as evidence of actual confusion a narration of phone calls and emails that it received from its customers regarding lost orders. 2022 WL 457843, *6 (S.D. Fla. Jan. 10, 2022), *aff'd and adopted* 2022 WL 580443 (S.D. Fla. Feb. 25, 2022)). The Court sustained the hearsay objection, ruling that it was hearsay (the customer's complaint) within hearsay (the employee's written narration). *Id.* According to the Court, "declarants may describe own state of mind regarding confusion in trademark cases but, cannot describe another's state of mind." *Id.* (quoting *Ocean Bio-Chem, Inc. v. Turner Network Television, Inc.*, 741 F. Supp. 1546, 1559 (S.D. Fla. 1990)); *see also Zaslow v. Louisville Ladder,*

---

[2] *See also Michael Caruso & Co. v. Estefan Enters.*, 994 F. Supp. 1454, 1462 n.3 (S.D. Fla. 1998) (noting that portion of plaintiff's memorandum that indicated that a caller mistook plaintiff's office for defendant's restaurant was inadmissible hearsay); *Ocean Bio-Chem, Inc. v. Turner Network Television, Inc.*, 741 F. Supp. 1546, 1559 n.7 (S.D. Fla. 1990) (affidavit of an employee concerning a misdirected phone call was double hearsay and inadmissible as evidence of actual confusion).

*Inc.,* Case No. 18-80091-CIV, 2020 WL 11420573, at *3 (S.D. Fla. Feb. 7, 2020) (holding witnesses may not testify to the subjective state of mind of another).

Statements of sales representatives taken by TXMD that TXMD did not notice for deposition and that Evofem's counsel therefore did not attend are also inadmissible. *See* ECF 167-16. After Evofem declined to take cumulative depositions of certain of the sales representatives and cancelled depositions, TXMD apparently proceeded to unilaterally take sworn statements from these witnesses, without serving notices or cross-notices, and without the presence of Evofem's counsel. These sworn statements are not "depositions" within the meaning of Rule 30(b), which requires a party seeking to depose a person to notice the deposition. Hence, they cannot be used at trial under Rule 32. *See* Fed. R. Civ. P. 32 (a deposition may only be used against a party if "the party was present . . . or had reasonable notice of it"); *see also, Celebration Source, Inc. v. AGA Enterprises, LLC*, 2018 WL 10799298, *4 (S.D. Fla. Aug. 22, 2018) (barring the use of depositions at trial except for impeachment purposes where Defendant was not present or given notice about the depositions). Indeed, a party cannot unilaterally proceed with a deposition once canceled if it has not cross-noticed the deposition. *HGR Constr., Inc. v. Hanover Ins. Co.*, 2020 WL 12182457 (M.D. Fla. March 30, 2020) ("HGR could have cross-noticed the deposition once it was set by Hanover, thereby preventing Hanover from unilaterally canceling the deposition"). Moreover, a party setting a deposition "is under no obligation to see it through." *Id*. Evofem was entitled to cancel the depositions it set. Statements taken by TXMD without a cross-notice and outside the presence of Evofem's counsel are inadmissible hearsay.

### b.  The Evidence Has No Probative Value and Presents a Danger of Confusing the Issues and Misleading the Jury.

The Court may exclude evidence if "its probative value is substantially outweighed by a danger of . . . confusing the issues [or] misleading the jury." Fed. R. Evid. 403. The evidence in

this case has no probative value, and is irrelevant.  Again, as the summary judgment briefing details, the evidence is irrelevant to the extent it refers to alleged confusion on the part of staff members and receptionists, who are not physicians or prescribers. Just as fundamentally, the evidence reflects what is, at most, momentary or "fleeting confusion."

To the extent any of the sales representatives' allegations involve prescribers at all, they reflect at best momentary or "fleeting confusion."  Fleeting confusion is momentary, short-lived confusion involving a mix-up of names (*e.g.*, a slip of the tongue). *See Future Proof Brands, LLC v. Molson Coors Bev. Co*., 982 F.3d 280, 297 (5th Cir. 2020) (fleeting confusion between "Vizzy" and "Brizzy"); *Atl. Nat'l Bank v. Atl. So. Bank,* 2010 WL 5067416 (S.D. Ga. July 29, 2010) ("allegations of fleeting confusion" in bank names "are not sufficient to make out a claim"**)**.  This kind of fleeting or momentary confusion is not sufficient to establish a likelihood of confusion. *See Future Proof*, 982 F.3d at 297.

TXMD's declarations and deposition testimony are like those in *Primepoint v. PrimePay,* where a party offered employees to testify, but only about "momentary" confusion. 2009 U.S. Dist. LEXIS 55422 (D.N.J. June 30, 2009). For example, "[a] prospective client quickly glanced at a brochure that was sitting in someone else's lap, and thinking back on her contact with another payroll company with a similar name, she [] conflated the two. Her mistake was quickly and easily corrected." *Id*. at *35. "Despite the evidence of momentary and fleeting confusion, [there was] no evidence that a customer actually purchased, or even seriously considered purchasing, [the other party's] services on the mistaken belief [as to source or affiliation]." *Id*. at *36. As such, the court found no likelihood of confusion. *Id.* Here, TXMD has offered no evidence that anyone ever prescribed – or ever seriously considered prescribing – PHEXXI instead of IMVEXXY.

Without any probative value, the admission of this evidence can only create a significant danger that these declarations and testimony will confuse and mislead the jury. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *Royale Green Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 07-CIV-21404, 2009 WL 2208166, at *1 (S.D. Fla. July 24, 2009). That is especially the case here, where TXMD seeks to overcome the utter absence of actual confusion evidence on the part of prescribers by presenting days of irrelevant, hearsay evidence from more than two-dozen witnesses.[3]

That is exactly what Rule 403 is designed to prevent. *See U.S. v. Flitcraft*, 803 F.2d 184, 185–86 (5th Cir. 1986) (trial judge properly excluded documentary evidence, on the basis that it was cumulative of other evidence and was likely to confuse the jury); *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655–56 (11th Cir. 1993) (trial court did not abuse its discretion by excluding testimony, on the basis that it would have unduly delayed the trial and been cumulative of other evidence); *Evans v. Dugger*, 908 F.2d 801, 809 (11th Cir. 1990) (trial court did not abuse its discretion by redacting portions of documentary evidence, as irrelevant, confusing, cumulative, and unduly prejudicial); *Bowe v. Pub. Storage*, 1:14-CV-21559-UU, 2015 WL 10857339, at *4 (S.D. Fla. June 2, 2015) (excluding testimony for being cumulative, misleading, and unfairly prejudicial where expert planned to discuss various examples of the same scenario).

---

[3] Presenting over two-dozen witnesses on the same issue is also cumulative. Magistrate Judge Reinhart denied TXMD's requests for additional depositions, stating "you are not going to call 20 witnesses at trial. Judge Ruiz is not going to let you call 20 witnesses. So I am not going to give you 20 depositions because it's cumulative. There comes a point of diminishing returns." (8/23/22 Hr'g Tr. at 24; attached as Exhibit "B".) At most, the Court should only allow TXMD to call a couple actual harm witnesses and preclude the testimony of the remaining witnesses as cumulative.

**2.** <u>**Testimony from TXMD's Witnesses on Alleged Witness "Tampering" or "Intimidation" Should Be Barred.**</u>

While TXMD intends to parade two-dozen sales representatives before the jury to speak to hearsay conversations, its witness list confirms that it does not intend to bring any of the allegedly confused prescribers to testify at trial and be cross-examined. This is not surprising since the only actual prescriber that Evofem contacted stated unequivocally that he was never confused. *See* ECF 113, ¶ 39 (unsealed at ECF 125). Instead, TXMD apparently seeks to argue that the glaring absence of these witnesses results from "witness tampering" or "witness intimidation" by Evofem. For example, it lists an improper hearsay declaration from its own 30(b)(6) witness Samir Desai, who complains a physician contacted him, after speaking to Evofem, to demand that TXMD withdraw a declaration falsely stating that the physician was confused. ECF 80 at 3. More incredibly, TXMD points to that physicians' resulting frustration with TXMD as purported evidence of damage to its trademark.

Not only is any such damage self-inflicted – and the evidence obviously hearsay – but the Court has already specifically addressed this issue and rejected TXMD's suggestion that Evofem in any way harassed witnesses. (ECF No. 87) Specifically, the Court held (emphasis added):

> Since the individuals Defendant contacted about the declarations were those identified in the declarations as people with knowledge of the information, Defendant's communications with them did not constitute a violation of the confidentiality agreement. ***I further find that defense counsel's communications with the named doctors and their staff do not amount to harassment.***

TXMD's attempt to present this evidence ignores that ruling, as well as the applicable law. *See generally United States v. Veal*, 153 F.3d 1233, 1245 (11th Cir. 1998) (holding that witness tampering consists of using intimidation, physical force, threatens, bribes or misleading conduct to prevent communication to a court). It cannot be considered witness intimidation to contact

witnesses, as Evofem did, to obtain accurate first-hand testimony on the issue of confusion, rather than relying on unreliable, hearsay statements from the Plaintiff's sales agents.

As well, any evidence or argument related to non-existent "witness tampering" or "witness intimidation," which has already been rejected by the Court, should also be excluded under Federal Rule of Evidence 403, as the danger of unfair prejudice <u>substantially</u> outweighs its non-existent probative value.

### 3. <u>Evidence on Any Damages other than Corrective Advertising</u>

TXMD seeks equitable relief in this case, including entry of an injunction and cancellation of the IMVEXXI mark. Those are issues for the Court to decide—not the jury (as detailed in Evofem's Motion to Strike Plaintiff's Claims for Punitive Damages and Bifurcate Equitable Claims, filed herewith).

As to damages, TXMD has confirmed that the *only* damages it seeks in this case are for corrective advertising, and that it does not seek *any* damages for lost sales.[4]  Accordingly, as a threshold matter, consistent with that position, TXMD should be precluded from presenting any evidence or argument for damages other than corrective advertising. It should be precluded from seeking to present any evidence of its lost sales, of Evofem's sales, or any other types of categories of damages beyond corrective advertising.

Relatedly, TXMD should not be permitted to introduce evidence of the Defendant's total marketing expenditures overall or for any geographic area. Corrective advertising, which, again,

---

[4] *See* DTE 73, TXMD's First Supplemental Response to Evofem's First Set of Interrogatories, 6, 8, 12-15 and 18; Desai Dep. Tr. 267:6-11, 105:8-17 (ECF 126-13); Kristen Landon Dep. Tr., 122:7-11 (ECF 126-14)  (TXMD's counsel states: "… I think there's a reason why the parties agreed that we really didn't need to produce her sales and that is because we're not pursuing lost sales in this case. So our sales are somewhat irrelevant."); ECF 111-15 (showing no lost sales of IMVEXXY since PHEXXI launch).

are the *only* damages it seeks in this case, cannot be estimated based on the Defendant's marketing expenditures. *Pandora Jewelers 1995, Inc. v. Pandora Jewelry LLC*, 2011 WL 2295269, *4 (S.D. Fla. June 8, 2011). In *Pandora Jewelers*, the Court excluded expert testimony in which the damages calculation was based on the Defendant's marketing expenditures, and held that "[t]o establish reasonable damages for corrective damages, the Eleventh Circuit has accepted testimony from a plaintiff's corporate officer regarding estimated costs for concrete and specified forms of corrective advertising." *Id*. As such, evidence of the Defendant's marketing expenditures is irrelevant and must be excluded.

Additionally, TXMD should be precluded from presenting evidence of harm that is vague, speculative, or unsupported. As argued at length in Evofem's Motion for Summary Judgment [ECF 112, at 22-23 (pp. 17-18)] and Reply [ECF 181, at 12-13], and its *Daubert* Motion [ECF 111, at 19-20] and Reply [ECF 183, at 14-15], a trademark infringement award, even for corrective advertising, must be based on proof of actual damages. Indeed, "[c]ourts routinely decline to award corrective advertising damages in the absence of evidence that the infringed mark lost any value" because "[a]n award of . . . 'corrective advertising' costs must be tied to 'non-speculative evidence' that the goodwill associated with the plaintiff's mark has actually been diminished by the defendant's conduct." *Thrive Nat. Care, Inc. v. Thrive Causemetrics, Inc.*, 2021 WL 4813257, *7 (C.D. Cal. Oct. 6, 2021); *see also Pandora Jewelers 1995, Inc.*, 2011 WL 2295269 at *4. (excluding expert testimony because it "would not provide any calculation of concrete, specific forms of corrective advertising necessary to correct alleged customer confusion.").

TXMD, however, seeks to short-circuit the required proof, instead pointing to vague and generalized allegations that it has suffered "harm" in the form of:

> (i) diminution in the distinctiveness or strength of the IMVEXXY mark; (ii) confusion among HCPs; (iii) confusion among consumers; (iv) conflation of

PHEXXI's negative attributes with IMVEXXY and thereby the creation of a false association; (v) loss of control of its branding message; (vi) unauthorized use of IMVEXXY and its associated goodwill by Evofem sale's representatives to gain access with HCP's; and (vii) interference with limited sales time to dispel confusion among HCPs.

*See* ECF 149 & 166-2, ¶ 84.

As already addressed in Evofem's *Daubert* Motion [ECF 111, at 19-20], these categories of "damages" are speculative and should be excluded by the Court. Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Fed. R. Evid. 702. District courts act as gatekeepers in determining whether to admit expert testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). In serving as a gatekeeper, the district courts "ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002).

With respect to lay witnesses, Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Damages that might have been incurred in hypothetical circumstances are inherently speculative and, by definition, are not based upon a witness's personal knowledge. Courts require "more evidence than the self-serving speculation of the plaintiff to support an award of damages." *Keener v. Sizzler Family Steak Houses*, 597 F.2d 453, 457 (5th Cir. 1979). Thus, this evidence should be excluded as purely speculative. *See, e.g., Dodgson v. First Advantage Background Services Corp.*, No. 16-cv-1894-ODE, 2019 WL 2306131, at *6 (N.D. Ga. March 7, 2019) (excluding speculative evidence on damages); *Salinero v. Johnson and Johnson*, No. 18-cv-23643-UU, 2019 WL 7753438, at *9 (S.D. Fla. Sept. 25, 2019) (excluding witness testimony regarding what "pelvic surgeons know" as speculative); *Flir Systems, Inc. v. Fluke Corp.*, No. 10-cv-00971-HU, 2012 WL 13054267, at *1 (D. Or. Nov. 29,

2012) (excluding damages testimony based on hearsay, which "makes the testimony speculative."); *Dreyer v. Ryder Automotive Carrier Group, Inc.*, 367 F. Supp. 2d 413, 448 (W.D.N.Y. 2005) (expert opinion excluded where proposed testimony on the causal relationship between use of medication and injuries was speculative).

Any evidence or argument on these points is confusing, misleading, and barely (if at all) probative, and fails to provide a basis for TXMD's claimed corrective damages in any event.  *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"); *Bowe v. Pub. Storage*, 1:14-CV-21559-UU, 2015 WL 10857339, at *4 (S.D. Fla. June 2, 2015) (excluding testimony under Rule 403 because it is "presented as expert analysis where [it is] instead hypothetical musings not grounded in actual facts or based on any specific methodology, and appear to be [the expert's] self-directed Socratic inquiry.").

The Court should prohibit evidence or argument on these points.

**4.   References to *Kitchens-Beatty v. Evofem Biosciences, Inc.*, an Unrelated Litigation, Should be Precluded.**

TXMD may attempt to refer to an unrelated employment lawsuit, *Kitchens-Beatty v. Evofem Biosciences, Inc.,* which is pending in the Superior Court of San Diego County, California, Case No. 37-2020-00014878.  (*See* Pelletier Dep. 9:13-10:15.)  TXMD should be prohibited from referring to this lawsuit at trial, as it is irrelevant to the claims and defenses in this action.  *See* Fed. R. Evid. 401.  The *Kitchens-Beatty* case involves a sexual discrimination and sexual harassment claim relating to a former Evofem employee, and it has no bearing on any of the issues in this case. Even if there were some tangential relevance (which there is not), the danger of confusing or unfairly prejudicing the jury against Evofem far outweighs any probative value this evidence may

have.  *See* Fed. R. Evid. 403.  The jury may develop an unfavorable view of Evofem due to the unrelated employment discrimination case—and not based on any of its actions at issue in this case.  Any reference to *Kitchens-Beatty* must be prohibited.

References to or presentation of irrelevant evidence related to that litigation would be an impermissible attempt to prove that Evofem has a propensity for litigation, or (without basis) that Evofem is subject to other pending claims. This is improper.  *See* Fed. R. Evid. 404(b) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); *Palmer v. Bd. of Regents of Univ. Sys. of Ga.*, 208 F.3d 969, 973 (11th Cir. 2000) (holding trial court properly excluded evidence of the existence of other lawsuits against defendant); *Illano v. H & R Block E. Enters.*, No. 09-22531-CIV, 2011 WL 1897431, at *1 (S.D. Fla. May 18, 2011) (excluding introduction of evidence of other lawsuits against defendant, and noting "[s]uch evidence has no likelihood of proving any material facts relevant to Plaintiff's claims").

The evidence is also improper and unfairly prejudicial. "Evidence is 'unfairly prejudicial' if it has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one'; 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish'; or 'may cause a jury to base its decision on something other than the established propositions of the case.'" *Quagliarello v. Dewees*, No. 09-4870, 2011 WL 203183, at *2 (E.D. Pa. Aug. 4, 2011) (quoting *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980)); *see also United States v. Perry*, No. 8:09-cr-78-T-33EAJ, 2009 WL 1952776, at *3 (M.D. Fla. July 6, 2009) (Rule 403 permits the exclusion of evidence, even if relevant, if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," and the Court "has broad discretion in making decisions under Rule 403's probative-

prejudice balancing analysis.") The exclusion of unfairly prejudicial evidence protects the jury from drawing improper inferences and basing its decision on factors other than the issues properly before it. *Quagliarello*, 2011 WL 203183, at *2.

The present litigation, moreover, should not be sidetracked or confused by unrelated issues in separate litigation involving other parties. *See United States v. Briston*, 192 Fed. Appx. 84, 89 (3d Cir. 2006) (affirming district court's exclusion of irrelevant and highly prejudicial evidence that "would have had the potential to confuse the jury and sidetrack the proceedings…[and] would have paved the way for a significant detour into allegations with a nexus to the charges that was tangential at best"). The district court in *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 745 F. Supp. 2d 1380, 1384 (S.D. Fla. 2010), pointed out the "real danger" in allowing a plaintiff to introduce prior claims and actions against a defendant: forcing the defendant to retry all of the other claims. The district court noted that not only would the utterly time-consuming endeavor of a series of mini-trials on other issues from other actions waste the resources of the parties and the court, but it would also create further undue prejudice for the defendant. *Id*. at 1384-85.

For these reasons, any reference to or evidence of this unrelated litigation should be precluded.

5. **Testimony of Samir Desai on the Elements of Trademark Infringement Should Not Be Permitted.**

TXMD may attempt to have its in house counsel Samir Desai testify regarding the elements of trademark infringement.  The Court should bar any such testimony as it calls for legal conclusions and because he actually refused to answer such questions during the deposition based on attorney client and work product privilege.  In his deposition (excerpts attached as Exhibit "C"), Desai refused to answer questions on the basis that the information sought was privileged on the following topics:

- strength of the IMVEXXY mark (232:18-234:12),

- whether Evofem acted willfully or intentionally (234:14-236:01, 264:01-265:14),

- facts that would render the PHEXXI mark strong or weak (239:12-240:10),

- whether the marks are similar (243:19-247:03),

- facts regarding the similarity of sales methods (247:04-247:14),

- facts regarding the similarity of advertising methods (247:16-248:06),

- facts regarding actual confusion (248:08-248:13),

- any facts supporting the corrective advertising claim (267:06 -267:22)

Because Desai refused to testify to these topics at deposition on the basis of attorney client privilege, he cannot reverse course and testify at trial on these topics.  The law is clear that "the attorney client privilege was intended as a shield, not a sword." *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 643 (S.D. Fla. 2007) (quoting *GAB Business Services, Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 2007)).  "In other words, a defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."  *Id. See also Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1313 (11th Cir. 2021) (holding a party "may not use the privilege to prejudice his opponent's case by preventing the disclosure of damaging communications while disclosing some selected communications for self-serving purposes") (internal quotations omitted); *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1086 (5th Cir. 1979) (plaintiff cannot invoke Fifth Amendment privilege and refuse to answer deposition questions relevant to the Defendant's affirmative defense).

Here, Desai cannot be permitted to evade answering questions relevant to the heart of the lawsuit based on attorney client privilege, depriving Evofem of its opportunity to discover relevant factual information, and then "partially waiving" his attorney client privilege by testifying to only

the most useful facts at trial.  This would entail using attorney client privilege as a sword, rather than a shield, which is prohibited by law.

**6.** **Evidence or Argument on Punitive Damages or Equitable Claims**

In accordance with Evofem's Motion to Strike Plaintiff's Claim for Punitive Damages and Bifurcate Equitable Claims, all evidence and argument relating to punitive damages and equitable claims should be excluded.  Because TXMD has not asserted any claims for which punitive damages are recoverable, evidence supporting its purported claim for punitive damages, ECF No. 37 at 27-28, H(iii), should be excluded.  It is well established that "[p]unitive damages are not available under the Lanham Act." *Victoria's Cyber Secret Ltd. P'ship v. V Secret Catalogue, Inc.*, 161 F.Supp.2d 1339, 1356 (S.D. Fla. 2001) (citing *Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103 (2d Cir. 1988)); *see also Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1183 (11th Cir. 1994) (enhanced damages under 15 U.S.C. § 1117 "may not be punitive").  Under this bedrock, black-letter law, TXMD plainly cannot seek punitive damages under Counts I and II of the Amended Complaint.  Recovery of punitive damages is also not permitted under the Florida Deceptive and Unfair Trade Practices Act.  *See Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, 2018 WL 4932871, at *4 (S.D. Fla. Apr. 23, 2018).

TXMD cannot recover punitive damages for its remaining claims, which seek only equitable relief.  In Counts V and VI, TXMD is not seeking any monetary damages at all; rather, TXMD seeks declarations from the Court cancelling Evofem's registered trademark pursuant to 15 U.S.C. § 1119. ECF No. 37 ¶¶ 90, 122.  Even if TXMD were seeking damages in these claims, it could not recover punitive damages under the Lanham Act, as discussed above.  *See, e.g., Victoria's Cyber Secret*, 161 F.Supp.2d at 1356.  This leaves only Count IV – TXMD's claim for common law trademark infringement.  ECF No. 37 ¶¶ 76-82.  However, once again, TXMD has

not asserted a claim for any damages in this count.  Indeed, TXMD seeks only injunctive relief and further asserts that it "does not have an adequate remedy at law." *Id.* at ¶ 82.  TXMD cannot recover punitive damages that it did not adequately plead in its complaint.  *Landsman v. City of Vero Beach*, 2015 WL 10960951 at *3 (S.D. Fla. Oct. 21, 2015) (granting motion to strike, "or in the alternative, motion in limine to exclude evidence of special damages" where damages claim in complaint failed to satisfy Rule 9(g)). TXMD plainly is not seeking punitive damages for Count IV.

As further discussed in Evofem's Motion to Strike Plaintiff's Claim for Punitive Damages and Bifurcate Equitable Claims, at minimum, the Court should bifurcate the trial, with the amount of punitive damages to be determined in a second phase of the trial.  If the Court adopts this approach, evidence relating to Evofem's financial net worth and argument relating to punitive damages should be excluded during the first phase of the trial.  *See Zarfaaty v. Garden Fresh Restaurant Corp.*, 2019 WL 5617937, *2 (S.D. Fla. Oct. 31, 2019) ("Evidence of the valuation of Defendant is not relevant to Defendant's liability, and Defendant may be prejudiced by the introduction of evidence with respect to punitive damages before the determination of liability is made").

Likewise, evidence pertaining to the cancellation claims, counterclaims and defenses should be excluded during the first phase.  These claims are equitable and should be decided in a subsequent nonjury phase.  *See* Evofem's Motion to Bifurcate Strike Plaintiff's Claim for Punitive Damages and Bifurcate Equitable Claims at 5-7.  Only evidence and argument relevant to the issues to be tried during the first phase should be permitted during the first phase.

This is especially the case with TXMD's claim in Count VI, which alleges that Evofem's trademark should be canceled on the grounds that Evofem allegedly committed ***fraud*** by

submitting an inaccurate or incomplete "Statement of Use" to the U.S. Patent & Trademark Office. *See* ECF No. 37 ¶¶ 93-122.  These salacious (and unfounded) allegations are wholly irrelevant to the remaining claims in the litigation.  TXMD's attempt to present these issues to the jury is designed to create prejudice, through improper allegations of fraud, which are not for the jury to decide.  The evidence and argument, therefore, should be excluded from the jury phase pursuant to Rule 403.  *See Chrysler Intern. Corp. v. Chemaly,* 280 F.3d 1358, 1363-64 (11th Cir. 2002) (excluding evidence of fraud unrelated to claims to be decided by jury);

## **CONCLUSION**

In sum, Evofem respectfully requests that the Court grant this motion in full, and exclude:

1.      Testimony from TherapeuticsMD's ("TXMD") Witnesses on Purported Confusion;

2.      Testimony from TXMD's Witnesses on Alleged Witness Intimidation;

3.      Evidence on Any Damages other than Corrective Advertising;

4.      Reference to an Unrelated Employment Suit styled *Kitchens-Beatty v. Evofem*;

5.      Testimony from Sam Desai on Elements of Trademark Infringement;

6.      Evidence or Argument on Punitive Damages or Equitable Claims.


Respectfully submitted,


[SIGNATURES ON NEXT PAGE]

COFFEY BURLINGTON, P.L.

By: __/s/ Kevin C. Kaplan_____
    **Robert K. Burlington, Esq.**
    Florida Bar No. 261882
    rkb@coffeyburlington.com
    mpalmero@coffeyburlington.com
    **Kevin C. Kaplan, Esq.**
    Florida Bar No. 933848
    kkaplan@coffeyburlington.com
    lperez@coffeyburlington.com
    service@coffeyburlington.com
    **Paul J. Schwiep, Esq.**
    Florida Bar No. 823244
    pschwiep@coffeyburlington.com
    YVB@coffeyburlington.com
    **Dorothy C. Kafka, Esq.**
    Florida Bar No. 1007982
    DKafka@coffeyburlington.com
    GRoque@coffeyburlington.com
    **COFFEY BURLINGTON, P.L.**
    2601 South Bayshore Drive, Penthouse One
    Miami, Florida  33133
    Telephone: (305) 858-2900
    Facsimile:  (305) 858-5261

    and

    **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By: __/s/ Andrew D. Skale_____
    Andrew D. Skale, Esq.
    (admitted *pro hac vice*)
    adskale@mintz.com
    Kara M. Cormier Esq.
    (admitted *pro hac vice*)
    kmcormier@mintz.com
    3580 Carmel Mountain Road, Suite 300
    San Diego, CA 92130
    Telephone: (858) 314-1500

*Attorneys for Defendant Evofem Biosciences, Inc.*

## CERTIFICATE OF SERVICE AND CONFERENCE

I hereby certify that a true and correct copy of the foregoing was served by Notice of

Electronic Filing generated by CM/ECF, on March 28, 2022, on all counsel or parties of record

on the Service List below. I further certify that I conferred with counsel for Defendants, including

via zoom on March 23, 2022, in a good faith effort to resolve the issues raised in the motion and

was been unable to do so.

/s/ Kevin C. Kaplan

Kevin C. Kaplan

| SERVICE LIST | |
|---|---|
| *TherapeuticsMD, Inc. v. Evofem Biosciences, Inc.* | |
| Case No. 20-82296-CIV-Ruiz/Reinhart | |
| **Joseph W. Bain, Esq.**<br>JBain@shutts.com<br>**Patricia A. Leonard, Esq.**<br>Pleonard@shutts.com<br>**Jodi-Ann Tillman, Esq.**<br>JTillman@shutts.com<br>SHUTTS & BOWEN LLP<br>525 Okeechobee Boulevard, Suite 1100<br>West Palm Beach, Florida 33401<br>Telephone: (561) 835-8500<br>Facsimile:  (561) 650-8530<br><br>*Attorneys for Plaintiff*<br>*TherapeuticsMD, Inc.* | **Andrew D. Skale, Esq.**<br>(admitted *pro hac vice*)<br>adskale@mintz.com<br>**Kara M. Cormier, Esq.**<br>(admitted *pro hac vice*)<br>kmcormier@mintz.com<br>MINTZ LEVIN COHN FERRIS GLOVSKY<br>AND POPEO, P.C.<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, California 92130<br>Telephone: (858) 314-1500<br>Facsimile:  (858) 314-1501<br><br>*Attorneys for Defendant*<br>*Evofem Biosciences, Inc.* |

| | |
|---|---|
| **Ehab Samuel, Esq.**<br>(admitted *pro hac vice*)<br>esamuel@hdmnlaw.com<br>**David A. Randall, Esq.**<br>(admitted *pro hac vice*)<br>dave@hdmnlaw.com<br>**Sepehr Daghighian, Esq.**<br>sd@hdmnlaw.com<br>HACKLER DAGHIGHIAN MARTINO &<br>NOVAK, P.C.<br>10900 Wilshire Boulevard, Suite 300<br>Los Angeles, California 90024<br>Telephone: (310) 887-1333<br>Facsimile:  (310) 887-1334<br><br>*Attorneys for Plaintiff*<br>*TherapeuticsMD, Inc.* | |