UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-82296-CIV-RUIZ/REINHART

THERAPEUTICSMD, INC.,

      Plaintiff,

vs.

EVOFEM BIOSCIENCES, INC.,

      Defendant.

_____/

## DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Evofem requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of documents and records from the Federal Food and Drug Administration ("FDA"), information from the Institute for Safe Medication Practices' ("ISMP") website, records of the USPTO for the marks PHEXXI and IMVEXXY, and foreign trademark registrations for the PHEXXI mark.

### A. FDA Records

Evofem has listed as exhibits reports and communications with the FDA related to the FDA's review and approval of the two prescription medications at issue in this case. The records, among other things, demonstrate the FDA's role in reviewing and approving all aspects of the medication, including the proposed names, prior to approval for its public use. The records include a detailed review of the PHEXXI name, called a Phonetic and Orthographic Computer Analysis or "POCA," related to the FDA's approval of the name.

1

An appendix, including the FDA records for which Defendant seeks judicial notice is filed herewith.  As it notes, many of the records are actually listed by Plaintiff as exhibits.  (*See* D-Ex 006, 009, 011, 012, 013, 014, 015, 026, 027, 093, 105, 116, 002.)

These records, including the POCA, are publicly available on the FDA's website.  The Court should take judicial notice of these records because "information on government agency websites has often been treated as properly subject to judicial notice." *Eidson v. Medtronic, Inc.,* 981 F. Supp. 2d 868, 879 (N.D. Cal. 2013) (taking judicial notice of FDA's approval letters for medical devices); *Stanifer v. Corin USA Ltd., Inc.*, No. 6:14-cv-1192-Orl-37DAB, 2014 WL 5823319, at *3 (M.D. Fla. Nov. 10, 2014 ("Courts in this District and elsewhere regularly take judicial notice of public records available on the FDA's website because such documents satisfy the requirements of Rule 201."); *Dixon v. Allergan USA, Inc.*, 14-61091-CIV, 2015 WL 13777064, at *2 (S.D. Fla. Apr. 2, 2015) (taking judicial notice of the FDA's documentation concerning pre-market approval of medical device and noting that the "documents are readily accessible on the FDA's website, a source that cannot reasonably be questioned, and the Court will take judicial notice of both."); *BPI Sports, LLC v. ThermoLife Int'l LLC,* 19-60505-CIV, 2020 WL 10180910, at *3 (S.D. Fla. Jan. 9, 2020) (taking judicial notice of both FDA records and USPTO records and noting that "[c]ourts have found that the contents of an administrative agency's publicly available files traditionally qualify for judicial notice.").

**B.   USPTO Records**

The Court should also take judicial notice of the publicly available US Patent and Trademark Office records.  The parties' Joint Pretrial Stipulation confirms that parties' agreement that "[l]egible copies of TherapeuticsMD and Evofem's United States trademark registrations, and the file prosecution histories of United States trademark applications, may be offered and received

in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies." (ECF No. 199.)  But, Plaintiff nevertheless broadly objects to virtually all of the PTO records listed by Defendant as exhibits.

Defendant's appendix, filed herewith, lists the records for which judicial notice is sought. As it notes, one of the records is actually listed by Plaintiff as an exhibit.  (*See* D-Ex 096.)

Courts routinely take judicial notice of USPTO records.  *See Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, 2017 WL 3503371, at *7 (S.D. Fla. Aug. 15, 2017) (taking judicial notice of the file history of a trademark registration where the file is publicly available and cannot be reasonably disputed); *BPI Sports, LLC,* 2020 WL 10180910, at *3 (taking judicial notice of both FDA records and USPTO records and noting that "[c]ourts have found that the contents of an administrative agency's publicly available files traditionally qualify for judicial notice."); *ROOR v. Sanz Brothers, LLC*, 2018 WL 1881287, *5 (S.D. Fla. March 1, 2018) (collecting cases).

## C.  Foreign Trademark Registrations

The Court should likewise take judicial notice of trademark registrations from other jurisdictions around the world, none of which found any likelihood of confusion with IMVEXXY. It is well established that the Court may take judicial notice of foreign proceedings.  *See, e.g., JSC MCC EuroChem v. Chauhan*, 2018 WL 9650037, *1 (6th Cir. Sept. 14, 2018) (taking judicial notice of a London court order and transcript of hearing in UK). And, as stated above in section B, Courts may take judicial notice of trademark registrations.  *See Setai Hotel Acquisition, LLC*, 2017 WL 3503371, at *7 (taking judicial notice of the file history of a trademark registration). Courts have also taken judicial notice of foreign trademark registrations.  *Rousselot B.V. v. St. Paul Brands, Inc.*, 2019 WL 6825763, *2 (C.D. Cal. July 24, 2019) (taking judicial notice of a Vietnamese Certificate of Trademark Registration); *GT Beverage Company LLC v. Coca Cola*

*Company*, 2010 WL 11595832, *2 (C.D. Cal. Aug. 2, 2010) (taking judicial notice of several European Trademark Registrations because they are matters of public record); *Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 1075, 1089 n. 6 (E.D. Cal. 2019) (taking judicial notice of UAE trademark registration application and noting "a court may take judicial notice of public records of governmental entities and authoritative sources of foreign law.").

### D. Institute for Safe Medication Practices Records

Finally, the Court should take judicial notice of the ISMP search records.  The ISMP is a 501(c)(3) not-for-profit dedicated to preventing medication errors. *See* https://www.ismp.org/about, last visited March 16, 2022.  The United States Pharmacopeia, which is an independent scientific nonprofit focused on developing trust in safe, quality medicines, maintains a collaborative partnership with the ISMP to maintain a database of reports of medication errors and misprescriptions. *See*   D-Ex 152; https://www.usp.org/health-quality-safety/medication-safety-labeling, last visited March 16, 2022.  The Court may take judicial notice of the ISMP reports, as they are publicly available on a website that may be properly subject to notice. *Tobinick v. Novella*, No. 9:14-CV-80781, 2015 WL 1526196, at *2 (S.D. Fla. Apr. 2, 2015) (taking judicial notice of Wayback Machine website); *Ruehling v. Armstrong*, No. 8:12-CV-2724-T-35TGW, 2015 WL 12838992, at *9 n.7 (M.D. Fla. May 21, 2015) (taking judicial notice of information available on publicly accessible website); *Termarsch v. Argent Mortg. Co., LLC.*, No. 807-CV-1725-T-30TBM, 2008 WL 1776592, at *4 n.4 (M.D. Fla. Apr. 16, 2008) (taking judicial notice of Wells Fargo website on motion to dismiss).

## **CONCLUSION**

For these reasons, Evofem requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of documents and records from the Federal Food and Drug Administration, records of the USPTO for the marks PHEXXI and IMVEXXY, foreign trademark registrations for the PHEXXI mark, and information from the Institute for Safe Medication Practices' ("ISMP") website.

**COFFEY BURLINGTON, P.L.**

By:___*/s/ Kevin C. Kaplan*_____
      **Robert K. Burlington, Esq.**
      Florida Bar No. 261882
      rkb@coffeyburlington.com
      mpalmero@coffeyburlington.com
      **Kevin C. Kaplan, Esq.**
      Florida Bar No. 933848
      kkaplan@coffeyburlington.com
      lperez@coffeyburlington.com
      service@coffeyburlington.com
      **Paul J. Schwiep, Esq.**
      Florida Bar No. 823244
      pschwiep@coffeyburlington.com
      YVB@coffeyburlington.com
      **Dorothy C. Kafka, Esq.**
      Florida Bar No. 1007982
      DKafka@coffeyburlington.com
      GRoque@coffeyburlington.com
      **COFFEY BURLINGTON, P.L.**
      2601 South Bayshore Drive, Penthouse One
      Miami, Florida  33133
      Telephone: (305) 858-2900
      Facsimile:  (305) 858-5261

      And

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By:   */s/ Andrew D. Skale*
        Andrew D. Skale, Esq.
        (admitted *pro hac vice*)
        adskale@mintz.com
        Kara M. Cormier Esq.
        (admitted *pro hac vice*)
        kmcormier@mintz.com
        3580 Carmel Mountain Road, Suite 300
        San Diego, CA 92130
        Telephone: (858) 314-1500

*Attorneys for Defendant Evofem Biosciences, Inc.*

6

## CERTIFICATE OF SERVICE AND CONFERENCE

I hereby certify that a true and correct copy of the foregoing was served by Notice of

Electronic Filing generated by CM/ECF, on March 31, 2022, on all counsel or parties of record

on the Service List below. I further certify that I conferred with counsel for Defendants, on March

29 and 30, 2022, in a good faith effort to resolve the issues raised in the motion and was been unable

to do so.

*/s/ Kevin C. Kaplan*
Kevin C. Kaplan

| SERVICE LIST |
|---|
| ***TherapeuticsMD, Inc. v. Evofem Biosciences, Inc.***<br>**Case No. 20-82296-CIV-Ruiz/Reinhart** |

| | |
|---|---|
| **Joseph W. Bain, Esq.**<br>JBain@shutts.com<br>**Patricia A. Leonard, Esq.**<br>Pleonard@shutts.com<br>**Jodi-Ann Tillman, Esq.**<br>JTillman@shutts.com<br>SHUTTS & BOWEN LLP<br>525 Okeechobee Boulevard, Suite 1100<br>West Palm Beach, Florida 33401<br>Telephone: (561) 835-8500<br>Facsimile:  (561) 650-8530<br><br>*Attorneys for Plaintiff*<br>*TherapeuticsMD, Inc.* | **Andrew D. Skale, Esq.**<br>(admitted *pro hac vice*)<br>adskale@mintz.com<br>**Kara M. Cormier, Esq.**<br>(admitted *pro hac vice*)<br>kmcormier@mintz.com<br>MINTZ LEVIN COHN FERRIS GLOVSKY<br>AND POPEO, P.C.<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, California 92130<br>Telephone: (858) 314-1500<br>Facsimile:  (858) 314-1501<br><br>*Attorneys for Defendant*<br>*Evofem Biosciences, Inc.* |

| | |
|---|---|
| **Ehab Samuel, Esq.**<br>(admitted *pro hac vice*)<br>esamuel@hdmnlaw.com<br>**David A. Randall, Esq.**<br>(admitted *pro hac vice*)<br>dave@hdmnlaw.com<br>**Sepehr Daghighian, Esq.**<br>sd@hdmnlaw.com<br>HACKLER DAGHIGHIAN MARTINO &<br>NOVAK, P.C.<br>10900 Wilshire Boulevard, Suite 300<br>Los Angeles, California 90024<br>Telephone: (310) 887-1333<br>Facsimile:  (310) 887-1334<br><br>*Attorneys for Plaintiff*<br>*TherapeuticsMD, Inc.* | |