UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-82296-CIV-RUIZ/REINHART

THERAPEUTICSMD, INC.,

 Plaintiff,

vs.

EVOFEM BIOSCIENCES, INC.,

 Defendant.
_____/

**EVOFEM'S EMERGENCY OBJECTION TO MAGISTRATE JUDGE ORDER LIMITING CROSS EXAMINATION AT DEPOSITION TO TWENTY MINUTES**

 Pursuant to S.D. Fla. Mag. R. 4(a), Defendant Evofem Biosciences, Inc. ("Evofem") hereby appeals the Magistrate Judge's Paperless Order (ECF No. 214), limiting Defendant *to twenty (20) total minutes cross-examination* time at the deposition of former Plaintiff TherapeucticsMD ("TXMD") employee Adam Gilbert, which is scheduled for tomorrow in Baton Rouge, Louisiana. This Objection is filed as an emergency because the deposition is tomorrow. In support of this Objection, Evofem states as follows:

 1. Although discovery in this matter closed October 2021, Plaintiff requested on Monday of this week to conduct the deposition of Adam Gilbert after the discovery cut-off to preserve his testimony for trial. According to Plaintiff, Mr. Gilbert, who lives in Baton Rouge, Louisiana, is leaving the company and therefore will allegedly be unable to attend trial. Defendant objected, and noted that Mr. Gilbert had actually left TXMD in April of last year. (ECF No. 202.)

2. On Tuesday, March 29, 2022, the Magistrate Judge conducted a hearing on Plaintiff's request to depose Mr. Gilbert. During the hearing, Plaintiff's counsel advised that they believed the examination could be concluded within ninety (90) minutes. The Magistrate Judge entered an order overruling Defendant's objection to the deposition and ordering that the examination should be limited to 90 minutes. (ECF No. 208.)

3. Thereafter, Plaintiff agreed to make Mr. Gilbert available for an in-person deposition, which the parties have scheduled for tomorrow, April 1, 2022, in Baton Rouge, Louisiana. Plaintiff requested that Defendant's counsel obtain a Covid-19 test in advance of the deposition which Defendant's counsel obtained (negative) last night.

4. In discussing among counsel the deposition scheduling, Plaintiff proposed that it could conclude its direct examination of Mr. Gilbert in thirty (30) minutes, but Plaintiff insisted that Defendant's cross-examination could not exceed sixty (60) minutes. (*See* Ex. 1 hereto.) Defendant objected to this limitation on its cross time.

5. While Defendant believes that 60 minutes may be sufficient for cross examination, because Mr. Gilbert has not been deposed and thus Defendant is unaware of the nature of his direct testimony, and based on Defendant's own research into Mr. Gilbert and his interactions with the issues in this case, the cross-examination may, although it is not likely to, exceed 60 minutes. The rules allow a presumptive seven hours for a deposition. Fed. R. Civ. P. 30(d).

6. Just now, however, with the parties preparing to travel to Baton Rouge, Louisiana to conduct the deposition in person, the Magistrate Judge has entered an order limiting cross-examination ***to twenty (20) total minutes***. (ECF No. 214.) Meanwhile, the Magistrate Judge ordered that Plaintiff may take seventy (70) minutes on direct and re-direct. This arbitrary

limitation on cross time is unreasonable, inequitable, unauthorized by the rules, which allow seven hours for depositions (Rule 30(d)), and unfairly constrains Defendant's due process rights to cross-examine this witness.

WHEREFORE, Defendant objects to the Magistrate Judge's order limiting cross-examination to 20 minutes. Defendant requests that the Court direct the parties to comply with the requirements of Rule 30 and conduct the deposition in good faith within a reasonable time, or alternatively, overrule the Magistrate Judge's order permitting the deposition to go forward at all.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3) AND EMERGENCY**

Pursuant to 7.1(a)(3) of the local rules for the United States District Court for the Southern District of Florida, Counsel advised that he has conferred with counsel for Plaintiff but as of the time of filing the Objections, counsel have not agreed on the resolution of the issues.

I further certify that after reviewing the facts and researching applicable legal principles, that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

Dated:  March 31, 2022

Respectfully submitted,

By:    /s/ *Paul J. Schwiep*
**Paul J. Schwiep, Esq.**
Florida Bar No. 823244
pschwiep@coffeyburlington.com
YVB@coffeyburlington.com
**Kevin C. Kaplan, Esq.**
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
**Robert K. Burlington, Esq.**
Florida Bar No. 261882
rburlington@coffeyburlington.com
mpalmero@coffeyburlington.com
**Dorothy C. Kafka, Esq.**

        Florida Bar No. 1007982
        DKafka@coffeyburlington.com
        GRoque@coffeyburlington.com
        **COFFEY BURLINGTON, P.L.**
        2601 South Bayshore Drive, Penthouse One
        Miami, Florida 33133
        Telephone: (305) 858-2900
        Facsimile: (305) 858-5261

        *Counsel for Defendant Evofem Biosciences, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on March 31, 2022, on all counsel or parties of record on the Service List below.

                */s/ Paul J. Schwiep*
                Kevin C. Kaplan

| **SERVICE LIST**<br>*TherapeuticsMD, Inc. v. Evofem Biosciences, Inc.*<br>Case No. 20-82296-CIV-Ruiz/Reinhart | |
|---|---|
| **Joseph W. Bain, Esq.**<br>JBain@shutts.com<br>**Patricia A. Leonard, Esq.**<br>Pleonard@shutts.com<br>**Jodi-Ann Tillman, Esq.**<br>JTillman@shutts.com<br>SHUTTS & BOWEN LLP<br>525 Okeechobee Boulevard, Suite 1100<br>West Palm Beach, Florida 33401<br>Telephone: (561) 835-8500<br>Facsimile: (561) 650-8530<br>GBennett@shutts.com<br>iavila@shutts.com<br><br>*Attorneys for Plaintiff*<br>*TherapeuticsMD, Inc.* | **Andrew D. Skale, Esq.**<br>(admitted *pro hac vice*)<br>adskale@mintz.com<br>**Kara M. Cormier, Esq.**<br>(admitted *pro hac vice*)<br>kmcormier@mintz.com<br>MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, California 92130<br>Telephone: (858) 314-1500<br>Facsimile: (858) 314-1501<br>JKim@mintz.com<br>jddib@mintz.com<br>tmpowers@mintz.com<br>ipdocketingbos@mintz.com<br>mintzdocketing@cpaglobal.com<br><br>*Attorneys for Defendant*<br>*Evofem Biosciences, Inc.* |
| **Ehab Samuel, Esq.**<br>(admitted *pro hac vice*)<br>esamuel@hdmnlaw.com<br>**David A. Randall, Esq.**<br>(admitted *pro hac vice*)<br>dave@hdmnlaw.com<br>**Sepehr Daghighian, Esq.**<br>sd@hdmnlaw.com<br>HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.<br>10900 Wilshire Boulevard, Suite 300<br>Los Angeles, California 90024<br>Telephone: (310) 887-1333<br>Facsimile: (310) 887-1334<br>esamuel@hdmnlaw.com<br>dave@hdmnlaw.com<br>sd@hdmnlaw.com<br><br>*Attorneys for Plaintiff*<br>*TherapeuticsMD, Inc.* | |

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261