UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-82296-RAR

**THERAPEUTICSMD, INC.**,

    Plaintiff,

v.

**EVOFEM BIOSCIENCES, INC.**,

    Defendant.

_____/

## ORDER AFFIRMING AND ADOPTING IN PART REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Bruce E. Reinhart's Report and Recommendation [ECF No. 209] ("Report"), entered on March 29, 2022. The Report recommends that Plaintiff's Motion to Exclude Defendant's Experts [ECF No. 116] be denied and that Defendant's Motion to Exclude Plaintiff's Experts [ECF No. 111/126] be granted in part and denied in part. Report at 1. Specifically, the Report recommends that the report and testimony of Dr. DeLeon be excluded, as well as the portion of Dr. Disner's report that criticizes the processes of the FDA and USPTO. *Id*. at 21-22. Both parties timely filed objections to the Report [ECF Nos. 248 & 250] ("Objections").

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Defendant timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Reinhart's legal and factual findings.

The Court having carefully reviewed the Motions [ECF Nos. 111/126 & 116], all responsive pleadings, related materials, and supplemental filings [ECF Nos. 141, 146, 180, 183,

266 & 270], the Report, the Objections, the factual record, applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 209] is **AFFIRMED AND ADOPTED IN PART**.

2. Plaintiff's Motion to Exclude Defendant's Experts [ECF No. 116] is **DENIED**.

3. Defendant's Motion to Exclude Plaintiff's Experts [ECF No. 111/126] is **GRANTED IN PART AND DENIED IN PART**.   Although the Court agrees with the Report's conclusion that the criticisms of the FDA and USPTO's processes in Dr. Disner's report should be stricken, the Court disagrees that Dr. DeLeon's report and testimony should be excluded.   Dr. DeLeon's testimony, which Plaintiff proffers will describe "the decision-making process . . . between doctors and their patients before writing a prescription" and "the lack of influence that pharmacists have in the . . . process[,]" is admissible under *Daubert* and Federal Rule of Evidence 702. Specifically, because the exact nature of the relationship between prescribing doctors and fulfilling pharmacists is likely unknown to the average layperson, it is clear that Dr. DeLeon's report and testimony would assist "the trier of fact, through the application of . . . specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citing Fed. R. Evid. 702).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of April, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**