UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-82296-RUIZ/REINHART

THERAPEUTICS MD, INC.,

        Plaintiff,

v.

EVOFEM BIOSCIENCES, INC.,

        Defendant.

_____/

## ORDER ON PRE-TRIAL MOTIONS

Currently before me are two pre-trial motions referred by the Honorable Rodolfo A. Ruiz (ECF No. 191), for which I held a hearing on May 31, 2022. The pending motions are Defendant's request for judicial notice (ECF No. 212) and Defendant's motion to bifurcate Plaintiff's equitable claims (ECF No. 197). For the reasons that follow, the Defendant's request for judicial notice is GRANTED IN PART AND DENIED IN PART, and Defendant's motion to bifurcate Plaintiff's equitable claims is DENIED.

## DISCUSSION

1. *Defendant's Request for Judicial Notice*

Defendant moves pursuant to Federal Rule of Evidence 201 for the Court to take judicial notice of various documents and records of the USPTO and the FDA, foreign trademark registrations for Defendant's PHEXXI mark, and screen captures of assorted websites. ECF Nos. 213, 236.

A "'court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *BPI Sports, LLC v. ThermoLife Int'l LLC*, No. 19-60505-CIV, 2020 WL 10180910, at *2 (S.D. Fla. Jan. 9, 2020) (citing *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1368 (S.D. Fla. 2014) and Fed. R. Evid. 201(b)).

With regard to the documents and records of the USPTO and FDA, I take judicial notice of the authenticity of these materials; they are what they purport to be – publications of these government agencies. These items are entitled to judicial notice because "[c]ourts have found that the contents of an administrative agency's publicly available files traditionally qualify for judicial notice." *BPI Sports*, 2020 WL 10180910, at *3. *See also Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-21296-CIV, 2017 WL 3503371, at *7 (S.D. Fla. Aug. 15, 2017) (court took judicial notice of the USPTO file history for a trademark registration). Notably, Plaintiff does not dispute that these documents are publicly available, nor does Plaintiff provide any basis for disputing their authenticity. Indeed, several of these documents are included on Plaintiff's exhibit list. My finding that the documents should be judicially noticed does not preclude Plaintiff from raising other evidentiary objections at trial, such as relevance, nor does my finding prevent Plaintiff from disputing the validity or accuracy of the documents' contents.

Unlike the publicly available records of a government agency which are easily authenticated, I find that Defendant's request to take judicial notice of screen

captures for certain webpages should be denied. As other courts have noted, "the historical contents of a website c[an] only be judicially noticed if it [is] "information [that] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."" *Setai Hotel Acquisition,* 2017 WL 3503371, at *8 (quoting *Nassar v. Nassar*, No. 3:14-CV-1501-J-34MCR, 2017 WL 26859, at *5 (M.D. Fla. Jan. 3, 2017) (judicial notice was inappropriate because the information was from a private, non-governmental website whose accuracy was unknown). Here, the screen captures of the websites proffered by Defendant cannot be independently authenticated on their face. Defendant must call a witness to establish that the exhibit accurately reflects the content of the website on the day in question.

Finally, the Court cannot take judicial notice of the foreign trademark registrations because they contain documents that have not been translated into English. Defense counsel represented at the hearing that the documents will be translated and resubmitted to Plaintiff's counsel and the Court.

   2. *Defendant's Motion to Bifurcate Equitable Claims*

Defendant moves pursuant to Rule 42(b) to bifurcate Counts IV-VI of the First Amended Complaint (FAC), as well as its counterclaim and affirmative defense of abandonment, on the grounds that these claims "are purely equitable in nature" and therefore, Plaintiff is not entitled to a jury trial on them. ECF No. 197 at 6. Plaintiff counters that it is seeking monetary damages in Counts IV and VI and, therefore, it is entitled to a jury trial on those claims. Moreover, Plaintiff contends that Counts I-V all stem from an alleged likelihood of confusion between the IMVEXXY and

PHEXXI trademarks and since those counts share common facts, they should not be bifurcated.

Federal Rule of Civil Procedure 42(b) gives the trial court discretion to bifurcate claims "[f]or convenience, to avoid prejudice, or to expedite and economize . . . When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001).

> Aside from the factors set forth in Rule 42(b), courts consider several other factors including: whether the issues are significantly different from one another; whether significant resources would be saved by bifurcation; whether the posture of discovery on the issues favors a single trial or bifurcation; and whether the party opposing bifurcation will be prejudiced if bifurcation is granted. *See Regions Bank v. Legal Outsource PA*, No. 214-CIV-476FTM29-MRM, 2016 WL 4014875, at *6 (M.D. Fla. July 27, 2016) (citation omitted); *Baratta v. Homeland Housewares, LLC*, No. 05-CIV-60187, 2008 WL 10989539, at *4 (S.D. Fla. Oct. 28, 2008) (citation omitted); *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001) (citations omitted).
>
> Bifurcation is the exception, not the rule, and the party seeking bifurcation bears the burden of establishing bifurcation is warranted. *See Levesque v. Gov't Emps. Ins. Co.*, No. 15-14005-CIV, 2016 WL 1156288, at *2 (S.D. Fla. Mar. 24, 2016) (citations omitted); *see also 1550 Brickell Assocs. v. QBE Ins. Corp.*, No. 07-CIV-22283, 2010 WL 4683889, at *2 (S.D. Fla. Nov. 10, 2010).

*Doe v. Hudson Specialty Ins. Co.,* 16-24176-CIV, 2017 WL 6949263, at *1 (S.D. Fla. Feb. 13, 2017) (J. Altonaga).

The rule also emphasizes that in considering bifurcation, the court must ensure that a litigant's right to a jury trial is preserved. Notably, there is no countervailing directive that the trial court ensure a jury does not hear potentially prejudicial evidence that is associated with a purely equitable claim.

4

"Rule 38(a) of the Federal Rules of Civil Procedure states that '[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.'" *Empresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 205 (S.D.N.Y. 2000) (quoting Fed. R. Civ. P. 38(a)). The Seventh Amendment protects the right to a jury trial for "Suits at common law" and, in considering this language, the Supreme Court has stated that

> [T]he phrase "Suits at common law" refers to "suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered" . . . this Court has carefully preserved the right to trial by jury where legal rights are at stake . . . [and] "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care . . ."
>
> To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought.

*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564–5 (1990) (citations omitted) (emphasis in original) (noting that the remedy sought, and whether it is "legal or equitable in nature," is "more important" to the analysis than the nature of the issues involved).

"[A] right to a jury trial does not exist for suits seeking only injunctive relief, which is purely equitable in nature." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1088 (11th Cir. 2016) (citing *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999). Rule 39 provides, "In an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury; or (2) may, with the parties' consent, try any issue by a jury whose verdict has the

5

same effect as if a jury trial had been a matter of right . . ." Fed. R. Civ. P. 39(c). To have a trial by a non-advisory jury in a purely equitable proceeding, both parties must consent. *FN Herstal,* 838 F.3d at 1089.

Given that this is not a "purely equitable proceeding," I will evaluate each of the counts Defendant contends should be bifurcated as well as all the forms of relief Plaintiff seeks in the FAC.

A. *The pleadings*

*Count IV*

Count IV of the FAC alleges common law trademark infringement and states that although Plaintiff had "already established its IMVEXXY mark" in the industry of women's sexual and reproductive health, Defendant decided to use "a confusingly similar PHEXXI mark" to market a "similar good[]" in that same industry. ¶ 79. According to Count IV, Defendant's use of the PHEXXI mark created "consumer confusion" for which Plaintiff "does not have an adequate remedy at law and will continue to be damaged . . . unless this Court enjoins [Defendant] from such conduct." ¶¶ 80-82.

*Count V*

Count V of the FAC seeks cancellation of Defendant's trademark registration for PHEXXI. Plaintiff asserts that its IMVEXXY mark has priority over Defendant's PHEXXI mark (as described in Registration No. 6,201,656) and that "the infringing PHEXXI mark is likely to cause confusion . . ." ¶¶ 84-87. "Because the alleged PHEXXI mark is confusingly similar to the IMVEXXY mark, and in light of the

relatedness of the goods at issue, [Defendant's] alleged mark falsely suggests a connection with [Plaintiff]" which may mislead consumers "to the damage and detriment of [Plaintiff]." ¶ 88. Count V concludes that Plaintiff "is being and will continue to be damaged by the registration of the infringing PHEXXI mark unless this Court declares that the Registration No. 6,201,656 was improperly issued by the USPTO and acts to cancel Registration No. 6,201,656 in accordance with 15 U.S.C. § 1119." ¶ 90.[1]

*Count VI*

Count VI of the FAC seeks cancellation based on fraud. According to Plaintiff, the application underlying the '656 Registration for PHEXXI (dated August 28, 2019) that Defendant submitted to the USPTO stated that the product was "in connection with, among other things, 'pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens.'" ¶ 92. One year later, on September 8, 2020, Defendant filed a Statement of Use with the USPTO alleging that the PHEXXI "mark is in use in commerce on or in connection with all of the goods" listed in its application. ¶ 93.

According to Count VI, "At the time [Defendant] filed the Statement of Use, [Defendant] was not using and had never used the PHEXXI Mark in commerce in connection with all of the goods described in the [ ] Application, including

---

[1] Section 1119 provides in relevant part "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119.

'pharmaceutical preparations, namely, microbicidal that creates an inhospitable environment for viral and bacterial pathogens' (collectively "the Falsely Claimed Goods")." ¶ 97.  Count VI alleges that Defendant "knew that [it] was not using and had never used the PHEXXI Mark in commerce in connection with the Falsely Claimed Goods and knew that [Defendant] had not obtained FDA approval to market the Falsely Claimed Goods under the PHEXXI Mark" and therefore, the declaration attached to the Statement of Use was knowingly false and made with the intent to deceive the USPTO.  ¶¶ 100, 102, 105.  Count VI states that if Defendant had "not made and filed this false declaration, [Defendant] would not have received a Certificate of Registration for the PHEXXI Mark." ¶ 103.

Count VI alleges that Defendant "committed fraud in the procurement of [the] '656 Registration" or during the Application for the PHEXXI Mark and that Plaintiff "is being and will continue to be damaged by the registration of the PHEXXI mark, and [Defendant] will continue to enjoy unlawful gain and advantage to which it is not entitled under the Lanham Act, 15 U.S.C. §§ 1051, et seq., unless this Court declares that the '656 Registration was improperly issued by the USPTO and acts to cancel it in accordance with 15 U.S.C. § 1119." ¶¶ 121-122.

*Plaintiff's Prayer for Relief*

At the conclusion of the FAC, Plaintiff lists the relief it seeks, which is largely equitable in nature, *i.e.,* a decree that Defendant's PHEXXI mark infringed upon Plaintiff's IMVEXXY mark, an injunction enjoining Defendant from using the mark in the future, an order requiring Defendant to destroy its promotional materials, and

8

an order requiring the USPTO to cancel the mark, etc. ECF No. 37 at 26-27. The FAC also seeks:

> G. That the Court issue an order requiring [Defendant] to account for all gains, profits, and advantages derived from its acts of trademark infringement.
>
> H. That the Court award [Plaintiff]: (i) all of [Defendant's] profits, gains, and advantages derived from the unauthorized use of the IMVEXXY mark or any confusingly similar mark, and that such sums be trebled; (ii) all damages sustained by [Plaintiff] by reason of [Defendant's] acts of trademark infringement and unfair competition, including amounts necessary for prospective corrective advertising, and that such damages be trebled; (iii) exemplary and punitive damages as the court finds appropriate to deter any future willful conduct; and (iv) interest, including prejudgment interest, on the foregoing sums.

ECF No. 37 at 27-28. Finally, Plaintiff's prayer for relief seeks an award of attorneys' fees and costs and any "further relief as this Court deems appropriate." *Id*.

Although not cited in the FAC, Title 15, United States Code, Section 1120 states, "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." 15 U.S.C. § 1120. In its Response, Plaintiff argues that Count VI seeks money damages under Section 1120. ECF No. 243 at 17-18.

### *Defendant's Counterclaim/Second Affirmative Defense based on Abandonment*

In its counterclaim and second affirmative defense, Defendant alleges that in securing its registration for the IMVEXXY mark, Plaintiff purported "to have first used that mark in commerce in connection with 'Pharmaceutical preparations for the

9

treatment of vulval vaginal atrophy [VVA]' on July 23, 2018." ECF No. 29 at ¶ 6. Nevertheless, Defendant alleges that Plaintiff "never used the purported IMVEXXY mark" in connection with this "sole good identified" in its registration. ECF No. 29 at ¶¶ 7, 11, 22, 23. According to Defendant, "the only good identified" in the registration "is wrong in that it misidentifies and does not encompass the good that [Plaintiff] has actually been selling in connection with the IMVEXXY name . . [therefore] the IMVEXXY mark has been abandoned" and "should be cancelled by the Court under the authority of 15 U.S.C. § 1119." ECF No. 29 at ¶¶ 23, 24, 28. The prayer for relief on the counterclaim asks:

> A. That TherapeuticsMD's Complaint against Evofem be dismissed in its entirety with prejudice and that judgment be entered in favor of Evofem and against TherapeuticsMD;
>
> B. That TherapeuticsMD take nothing from Evofem by way of the Complaint;
>
> C. That judgment be entered in Evofem's favor that it has not infringed and does not infringe any purported right of TherapeuticsMD as it relates to the IMVEXXY mark;
>
> D. That Defendant be awarded its costs incurred, including reasonable attorneys' fees; and
>
> E. That judgment be entered declaring that TherapeuticsMD abandoned the purported IMVEXXY mark with respect to the only good identified in the Asserted Registration;
>
> F. That the Court enter an order instructing the USPTO to cancel the Asserted Registration;
>
> G. For an award of Evofem's attorneys' fees and costs; and
>
> H. For such other further relief as this Court may deem just and proper.

ECF No. 29 at 13.

### B. *Bifurcation*

The first step is to determine whether a right to jury trial exists for each count. The FAC's Prayer for Relief unequivocally seeks both legal and equitable remedies, but not every cause of action authorizes all the relief sought in the Prayer for Relief.

Plaintiff has a right to a jury trial on Count IV. As I noted in my previous order denying Defendant's motion to strike Plaintiff's claim for punitive damages, ECF No. 301, money damages are a legally-available form of relief under Count IV, which alleges common law trademark infringement. Given that Count IV is not limited to equitable relief, Plaintiff is entitled to a jury trial on that count.

Plaintiff also has a right to a jury trial on Count VI. That count asserts a claim under 15 U.S.C. §1119 that Defendant obtained its trademark through fraud. Defendant argued at the hearing that Defendant will be unfairly prejudiced if the jury hears testimony regarding its alleged fraud on the USPTO. Defense counsel argued that the allegations and evidence needed to prove Count VI are sufficiently independent and distinct from the allegations and evidence regarding confusingly similar marks in Counts I-V to justify bifurcation of that count. Defendant contends that Count VI seeks only cancellation of its PHEXXI trademark registration, and since only the Court can order cancellation, there is no reason for the jury to hear evidence on Count VI.

A party prevailing on a Section 1119 claim that a trademark was fraudulently obtained is entitled to recover "any damages sustained in consequence thereof." *See* 15 U.S.C. §1120. The FAC prays for "all damages sustained by [Plaintiff] by reason

11

of [Defendant's] acts of trademark infringement and unfair competition." Plaintiff says it will seek, at trial, monetary damages – a remedy at law -- under Section 1120. It is entitled to do so, *see* Fed. R. Civ. P. 54(c), and to have a jury decide the damages amount, if any.

Count V seeks only equitable relief, *i.e.,* cancellation of a trademark. Similarly, Defendant is seeking only an equitable remedy on its counterclaim for abandonment.[2] Plaintiff argues that it has a Seventh Amendment right to jury trial on these two claims even though they seek only equitable remedies. I need not resolve that issue because even if no jury right exists, bifurcation is not warranted.

Defendant has not met its burden of showing that Count V and the abandonment counterclaim should be bifurcated, even assuming those claims must be resolved by the trial court. The evidence needed to prove Count V (that the USPTO erred in registering a confusingly similar mark) is sufficiently intertwined with the evidence that will be presented to the jury on Counts I-IV that it cannot reasonably be parsed. *See Tull v. United States*, 481 U.S. 412, 425 (1987) (where both equitable and legal relief are sought, "the right to jury trial on the legal claim, including all issues common to both [equitable and legal] claims, remains intact."). Following entry of the jury's verdict on Counts I-IV, the trial judge may then rule on Count V's request for cancellation in accordance with the jury's determination on whether the marks are confusingly similar. *See Brown v. Alabama Dep't of Transp.*, 597 F.3d

---

[2] The same analysis applies to both the counterclaim and the affirmative defense of abandonment. For purposes of discussion, I reference only the counterclaim.

1160, 1184 (11th Cir. 2010) ("when legal and equitable issues are tried together and overlap factually, the Seventh Amendment requires that 'all findings necessarily made by the jury in awarding [a] verdict to [a party on legal claims] are binding on . . . the trial court" when it sits in equity") (quoting *Williams v. City of Valdosta*, 689 F.2d 964, 976 (11th Cir. 1982)).

Moreover, Defendant has not shown that it will be unfairly prejudiced by the jury hearing evidence that is only relevant to Count V and/or the abandonment counterclaim. Juries frequently hear evidence that is admitted for a limited purpose. They are presumed to follow proper limiting instructions. *Weeks v. Angelone,* 528 U.S. 225, 234 (2000). Nor has Defendant shown that bifurcating these claims would be more convenient, would expedite the overall resolution of this case, or would result in judicial resources being economized.

Finally, "[Federal Rule of Civil Procedure] 39(c) permits a district court in its discretion ... to submit issues of fact in an equity matter to an advisory jury. The trial court may, however, submit only such issues of fact as it sees fit. It is not bound by the findings of the advisory jury, which it is free to adopt in whole or in part or to totally disregard." *Sheila's Shine Products, Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 122 (5th Cir. 1973) (internal citations omitted). Therefore, to the extent I am incorrect that Plaintiff has a right to a jury trial on Counts IV and VI, the rules allow evidence of these claims to be heard by the jury in a non-binding capacity. The same applies to Count V and the abandonment counterclaim. *See Brown,* 597 F.3d at 1184,

n.11 ("When legal and equitable issues are tried together and do not overlap, the jury's verdict on any equitable issues is advisory.").

WHEREFORE, it is ORDERED that Defendant's request for judicial notice (ECF No. 212) is GRANTED IN PART AND DENIED IN PART and that Defendant's motion to bifurcate (ECF No. 197) is DENIED.

**DONE and ORDERED** in Chambers this 5th day of June, 2022, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE