UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-CV-82296-RUIZ/REINHART

THERAPEUTICSMD, INC.,

    Plaintiff,

v.

EVOFEM BIOSCIENCES, INC.,

    Defendant.
_____/

**JOINT MOTION TO FILE CONFIDENTIAL**
**SETTLEMENT AGREEMENT UNDER SEAL**

Plaintiff TherapeuticsMD, Inc. ("TherapeuticsMD") and Defendant Evofem Biosciences, Inc. ("Evofem") (collectively, "the Parties"), pursuant to Local Rule 5.4 and in accordance with Section 5A of the Southern District of Florida CM/ECF Administrative Procedures, jointly move this Court for leave to file under seal a copy of the confidential settlement agreement between the Parties. In support of this Motion, the Parties state as follows:

1. On July 18, 2022, the Parties entered into a confidential settlement agreement ("Confidential Settlement Agreement").

2. The Confidential Settlement Agreement contains confidential settlement terms and requires the Parties to maintain the confidentiality of its terms.

3. The Parties seek leave to file under seal the Confidential Settlement Agreement as Exhibit 1 to the Joint Motion For the Court to Retain Jurisdiction to Enforce the Settlement Agreement and For a Stipulated Dismissal With Prejudice (ECF No. 339).

4. The Parties request the Settlement Agreement be sealed indefinitely.

## LEGAL STANDARD

The Parties recognize the right of the public to "inspect and copy public records and documents," *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001), but respectfully submit that their Confidential Settlement Agreement properly falls within an exception to such right of access. "The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *see also Chicago Tribune*, 263 F.3d at 1310 (same). Good cause is determined by balancing the historical presumption of right to access against the movant's privacy interests. *Chicago Tribune*, 263 F.3d at 1311.

Courts evaluate, among other considerations: (a) "whether allowing access would impair court functions or harm legitimate privacy interests"; (b) "the degree of and likelihood of injury if" the information was "made public"; (c) "the reliability of the information"; (d) "whether there will be an opportunity to respond to the information"; (e) "whether the information concerns public officials or public concerns"; and (f) "the availability of a less onerous alternative." *Romero*, 480 F.3d at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1315).

## ANALYSIS

The Confidential Settlement Agreement contains sensitive business terms and competitive terms. An evaluation of the factors weighs in favor of sealing the Confidential Settlement Agreement:

(a) **whether allowing access would impair court functions or harm legitimate privacy interests.** Allowing access to the Parties' Confidential Settlement Agreement would not impair Court functions, as the Court would have access to the content of the agreement if needed for enforcement purposes, but it would harm the Parties' legitimate privacy interests in limiting disclosure of the agreement to the general public. The Parties have moved the Court for an order retaining jurisdiction in the event that a party needs to enforce the agreement. The terms of the agreement, if enforced, are and should remain confidential. *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-339-Orl-40TBS, 2017 WL 2212786, at *2 (M.D. Fla. May 17, 2017). ("when a party seeks to enforce a confidential settlement agreement, some courts have permitted the filing of the agreement under seal to preserve confidentiality.").

(b) **the degree of and likelihood of injury if made public**. If made available to the general public, potential competitors of both Parties would be provided with specific information as to how the Parties value certain trademark rights, information which the Parties do not wish to share

with the general public. Further, a party's interest in the privacy of its financial records and the terms of confidential agreements may outweigh the public's right of access. *Graphic Packaging Int', Inc. v. C.W. Zumbiel Co.,* No. 3:10–cv–891–J–JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct 28, 2010).

**(c) the reliability of the information.** The Confidential Settlement Agreement does not rely upon or constitute information which could become more reliable or accurate with public access to the agreement.

**(d) whether there will be an opportunity to respond to the information**. The Confidential Settlement Agreement does not rely upon or constitute information which could become more reliable or accurate with public access to the agreement.

**(e) whether the information concerns public officials or public concerns**. No public officials are implicated by the agreement.

**(f) the availability of a less onerous alternative to sealing the documents.** Given that the information concerns settlement negotiations that were intended to be confidential, the Parties believe that, due to the varied nature of the relief and releases contained within the document, that degree of redaction necessary would not result in a less onerous alternative to sealing the documents.

For the foregoing reasons, the Parties respectfully request the Court enter an Order (i) granting this Motion, and (ii) permitting the filing under seal the Confidential Settlement Agreement.

Dated: July 19, 2022

| | |
|---|---|
| SHUTTS & BOWEN LLP | COFFEY BURLINGTON, P.L. |
| By: */s/ Joseph W. Bain* | By: */s/ Kevin C. Kaplan* |
| Joseph W. Bain, FL SBN 860360 | Robert K. Burlington, FBN 261882 |
| JBain@shutts.com | rburlington@coffeyburlington.com |
| Patricia A. Leonard, FL SBN 65455 | Kevin C. Kaplan, FBN 933848 |
| pleonard@shutts.com | kkaplan@coffeyburlington.com |
| Jodi-Ann Tillman, FL SBN 1022214 | Paul J. Schwiep, FBN 823244 |
| JTillman@shutts.com | 2601 South Bayshore Drive, PH1 |
| 525 Okeechobee Boulevard, Suite 1100 | Miami, Florida 33133 |
| West Palm Beach, FL 33401 | Telephone: (305) 858-2900 |
| Telephone: 561-835-8500 | Facsimile: (305) 858-5261 |
| Facsimile: 561-650-8530 | |

SHUTTS & BOWEN LLP

By: */s/ Joseph W. Bain*
Joseph W. Bain, FL SBN 860360
JBain@shutts.com
Patricia A. Leonard, FL SBN 65455
pleonard@shutts.com
Jodi-Ann Tillman, FL SBN 1022214
JTillman@shutts.com
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, FL 33401
Telephone: 561-835-8500
Facsimile: 561-650-8530

and

HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.

Ehab Samuel (CA SBN 228296)
esamuel@hdmnlaw.com
David A. Randall (CA SBN 156722)
dave@hdmnlaw.com
Sepehr Daghighian (CA SBN 239349)
sd@hdmnlaw.com
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

and

BURKE, WILLIAMS & SORENSEN, LLP

444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: (213) 236-0600
Robert W. Dickerson, Jr. (CA SBN 89367)
RDickerson@bwslaw.com
*(Pro Hac Vice)*

*Attorneys for Plaintiff*
*THERAPEUTICSMD, INC.*

COFFEY BURLINGTON, P.L.

By: */s/ Kevin C. Kaplan*
Robert K. Burlington, FBN 261882
rburlington@coffeyburlington.com
Kevin C. Kaplan, FBN 933848
kkaplan@coffeyburlington.com
Paul J. Schwiep, FBN 823244
2601 South Bayshore Drive, PH1
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261

and

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.

Andrew D. Skale (CA SBN 211096)
adskale@mintz.com
Kara M. Cormier (MA BBO 684255)
kmcormier@mintz.com
3580 Carmel Mountain Road, Ste 300
San Diego, CA 92130
Tel: 858-314-1506
Fax: 858-314-1501
*(Pro Hac Vice)*

*Attorneys for Defendant*
*EVOFEM BIOSCIENCES, INC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of July, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which served a copy on the following:

Robert K. Burlington, Esq.
Kevin C. Kaplan, Esq.
Paul J. Schwiep, Esq.
Dorothy C. Kafka, Esq.
Scott A. Hiaasen, Esq.
Josefina M. Aguila-Benna, Esq.
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Telephone:  (305) 858-2900
Facsimile:  (305) 858-5261
Email:  rkb@coffeyburlington.com; kkaplan@coffeyburlington.com; pschwiep@coffeyburlington.com; mpalmero@coffeyburlington.com; lperez@coffeyburlington.com; YVB@coffeyburlington.com; service@coffeyburlington.com; dkafka@coffeyburlington.com; groque@coffeyburlington.com; shiaasen@coffeyburlington.com; jaguila@coffeyburlington.com

Andrew D. Skale, Esq.
*(Pro Hac Vice)*
Kara M. Cormier, Esq.
*(Pro Hac Vice)*
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
3580 Carmel Mountain Road, Ste. 300
San Diego, California 92130
Telephone:  (858) 314-1500
Facsimile:  (858) 314-1501
Email:  adskale@mintz.com; kmcormier@mintz.com; jddib@mintz.com; tmpowers@mintz.com; ipdocketingbos@mintz.com; mintzdocketing@cpaglobal.com

*Attorneys for Defendant*
EVOFEM BIOSCIENCES, INC.

By:  <u>  */s/ Joseph W. Bain*  </u>
Joseph W. Bain